Damian M. Bateast #118348
Name

EDCF P.O. Box 311

El Dorado, KS 67042
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Damian M. Bateast, Plaintiff
(Full Name)

v. Adam D. Knapp, Oluwatosin S. Odunsolu, Matthew J. Martin, Gordon C. Harrod, CO1 Gannon, Rochelle Graham, Dana L. Flores, Joshua M. Latham, Orlando Perez, Brandon L. Gaines, Eric J. Freeman, Jane Doe, John Doe, Defendant(s)

CASE NO. 22-3093-SAC
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Damian M. Bateast, is a citizen of Kansas
   (Plaintiff)                         (State)

   who presently resides at El Dorado Correctional Facility
   (Mailing address or place
   P.O. Box 311 El Dorado, KS 67042.
   of confinement.)

2) Defendant Oluwatosin S. Odunsolu is a citizen of
   (Name of first defendant)
   El Dorado, Kansas, and is employed as
   (City, State)
   CCI Unitteam. At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☑ No ☐. If your answer is "Yes", briefly explain:
   Oluwatosin S. Odunsolu was performing as Unitteam in A-2 cellhouse on 6-26-2020

1

XE-2 8/82              CIVIL RIGHTS COMPLAINT §1983

defendant Marty J. Martin is a citizen of El Dorado Kansas and is employed as Unit Team Manager. at the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Marty J. Martin was performing as Unit team manager in cell house A at El Dorado Correctional Facility.

Defendant Dana L. Flores is a citizen of El Dorado Kansas and is employed as COIB Corrections Officer. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Dana L. Flores was performing as an Corrections Officer in Cellhouse A-2 on 6-26-2020 at El Dorado Correctional Facility.

Defendant Asbury A. Lathalim is a citizen of El Dorado Kansas and is employed as COIB Corrections Officer. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Asbury A. Lathalim was performing as an Corrections Officer in Cellhouse A-2 on 6-26-2020 at El Dorado Correctional Facility.

Defendant Brandon L. Gaines is a citizen of El Dorado Kansas and is employed as COIA Corrections Officer. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Brandon L. Gaines was performing as an Corrections Officer in Cellhouse A-2 on 6-26-2020 at El Dorado Correctional Facility.

Defendant Orlando A. Perez is a citizen of El Dorado Kansas and is employed as COIB Corrections Officer. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Orlando A. Perez was performing as an Corrections Officer in Cellhouse A-2 on 6-26-2020 at El Dorado Correctional Facility.

Defendant Rochelle Graham is a citizen of El Dorado Kansas and is employed as Nurse. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Rochelle Graham was performing as a Nurse in El Dorado's Correctional Facility Clinic on 6-26-2020.

Defendant Gordon C. Harrod is a citizen of El Dorado Kansas and is employed as medical provider. At the time the claims alleged in this complaint arose was this defendant acting under color of state law? Yes
Gordon C. Harrod was performing as a medical provider in the Infirmary at El Dorado Correctional Facility on 6-26-2020.

→ Bacon

3) Defendant __Adam D. Knapp__ is a citizen of
   _(Name of second defendant)_

   __El Dorado Kansas__, and is employed as
   _(City, state)_

   __CCI__. At the time the
   _(Position and title, if any)_

   claim(s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [✓] No [ ]. If your answer is "Yes", briefly explain:

   __Adam D Knapp was performing as Unit team in A-2 cellhouse on 6-26-2020__

   (Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

   _____

   _____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

   __On 2-26-2020 I was unprovokingly attacked by my cellmate an OSR inmate and was unable to protect myself because I was being handcuffed by officers. I was on protective custody status and was suppose to be protected. Prison staff failed to protect me. I was injured badly very badly and wasn't given proper medical attention. I complained of pain and dizziness to prison staff but to no avail. I was transported the next day to an off-site hospital were my injuries were deemed to be severe and optional for surgery. I wasn't given the prescribed pain medication by prison staff. Prison staff failed to properly protect me from inmate assault while in protective custody and failed to provide proper medical care for my injuries.__

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8h" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: See attached →

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

See attached →

B) (1) Count II: See attached →

(2) Supporting Facts: See attached →

## C. Cause of Action

A (1) Count 1: Plantiff alleges that his Eighth Amendment right was violated by defendants that prohibits cruel and unusual punishment. Defendants were deliberate indifferent to Plantiff need for safety by failing to provide him with proper protection from inmate assault while in protective custody.

2) Supporting facts: Defendants Oluwatosin S. Odunsolu and Adam D. Knapp worked as Unit team in cellhouse A-2 at El Dorado Correctional Facility. Maite J. Martin worked as Unit team manager and it was their jobs to assign inmates living in destrictive housing to their cells among other duties. Defendants assigned inmate Austin #89356 in OSR inmate living in destrictive housing for disciplinary reasons as Plantiffs cellmate. Plantiff was in destrictive housing under protective custody for his safety. Plantiff should have never been celled with inmate Austin being of different statuses. Inmate Austin was well known for his violence against his cellmates. Plantiff had many incidents with other OSR cellmates because of his P.C. status and defendants were well aware of the danger Plantiff faced because of his status of P.C. On 2-26-2020 Unit team Knapp made his daily rounds and he and inmate Austin engaged in an heated argument about his OSR status and not being able to get out of destrictive housing. Inmate Austin was irate about the situation. Later that day while being handcuff for showers inmate Austin unprovokingly attacked Plantiff while his hands was behind his back unable to defend himself and hit me in the face multiple times and head with a weapon which is considered contraband in destrictive housing. Plantiff suffered serious injuries and was transported to an off-site hospital the following day. Defendants failed to protect me while in protective custody and showed no regard for my safety. Plantiff alleges that Unit team Odunsolu exposed his status to the entire cellhouse in an attempt to get me to sign a P.C. waiver that made Plantiff a target.

## C. Cause of Action

B 1) Count II: Plantiff alleges that defendants were neglegent to his need for safety and violated his Eighth amendment right which prohibits cruel and unusual punishment.

2) Supporting Facts: Defendants Dana J Flores and Ashurd R. Lathrum were corrections officers at El Dorado Correctional Facility in Cell House A-2 on 6-26-2020. C.O. Flores and C.O. Lathrum carried out a cell move that morning, moving Plantiff and his cell mate from cell #211 to cell #123. We took all our property but not the mattresses. Inmate Austin #89356 asked C.O. Flores for his mattress but she replied they would provide us new mattresses when we made it to cell #123 which they did. Inmate Austin was adamant about getting the mattress left in cell #211 but the C.O.'s refused. Inmate Austin called C.O. Flores to the door and whispered something to her. She left and returned with the mattress that was left in cell #211. I later found out that Inmate Austins previous mattress concealed the weapon that he used in the unprovoked attack against me. Plantiff believes that C.O. Flores and C.O. Lathrum actions were done with malice because there was no legitimate reason for them to provide him with a second mattress, his previous mattress after repeatedly denying his request.

Defendants Brandon L Gaines and Orlando A. Perez worked as corrections officers at El Dorado Correctional Facility in Cellhouse A-2 on 6-26-2020. C.O. Gaines and C.O. Perez conducted showers the evening of 6-26-2020. They approached my cell door and announced showers. As I was at the door getting hand cuffed behind my back by C.O. Gaines, I noticed inmate Austin going through his mattress. He was giving head signals to C.O. Gaines. When I felt him lock the second cuff I started to move away from the door but C.O. Gaines was holding the cuffs by the middle chain which prevented me from moving. And when I turned my head to ask what the problem was I was struck by inmate Austin in the face which rendered me dizzy. I was unable to see for a moment and unable to protect myself because I was handcuffed behind the back. I endured his attack until the C.O.'s sprayed mace. He then stopped and walked to the door to be handcuffed and stopped because the combination lock he used was still in his hand. He left the door, went to his bunk and placed the lock in a hole in his mattress. He then was cuffed up at the door and we were pulled out the cell. When I exited the entire cell house erupted into laughter and ridicule because of the injuries I had. I was then escorted to A-1 side and then escorted to the clinic.

## C. CAUSE OF ACTION

C.1) COUNT III: Defendants were deliberately indifferent to Plantiff serious medical needs. Defendant failed to conduct an adequate examination of Plantiff's injuries. Defendant failed to provide Plantiff pain medication prescribed by doctor.

C.2) Supporting Facts: On 6-26-2020 after Plantiff was unprovokingly attacked by his cellmate he was escorted to El Dorado's Correctional facility clinic. Defendant Michelle Graham was the examining nurse. Nurse Graham asked no questions about my condition, she only cleaned my elbow that was bleeding. I wasn't asked about my eye or forehead. I was taken to the infirmary and placed in a suicide cell at the end of the building. I had no emergency call button. I had to beat on the window to get nurses and officers attention. Jane Doe worked as a nurse in the infirmary and John Doe was the working officer. I would beat on the window multiple times to get their attention and complain about the pain and dizziness I was experiencing. They would only tell me there was nothing they could do. I asked to see a doctor or talk to someone who could help me because I wasn't feeling right. I would get dizzy and vomit repeatedly and Jane Doe gave me 2 pills of IBprofen. I suffered through the night. On 6-27-2020 around 3:00 I was transported to an off-site hospital where they did blood test and x-rays. The x-rays revealed I suffered serious head trauma and a fractured eye socket that require surgery. Defendants C.O. Gannon and Eric J. Freeman conducted the transport to hospital. Both C.O. Gannon and C.O. Freeman had to be stopped by the hospitals doctor from rushing me out the door to leave. He stopped us at the end and told them I hadn't been discharged and that he wasn't through with me yet. I was still escorted out of the hospital with the IV still in my arm. C.O. Gannon and C.O. Freeman showed no regard for my condition or the doctors orders. John Doe who was OIC at the disposed of the IV, back at the facility. On 6-28-2020 Defendant Gordon C. Harrod talked with me about my injuries and I discussed how much pain I was in. I asked to take a shower and use the phone because I was constantly denied since I was brought to the infirmary. Mr. Harrod stated that I didn't have to be in the infirmary and I was later moved back to A-2 cellhouse cell #123. I was unable to receive the pain medication I was prescribed by the off-site doctor. Mr. Harrod ignored the doctors orders.

C) (1) Count III: See attached →

(2) Supporting Facts: See attached →

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

        Plaintiffs: _____

        Defendants: _____

    b) Name of court and docket number _____

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    d) Issues raised _____

  e) Approximate date of filing lawsuit _____

  f) Approximate date of disposition _____

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

I sought relief by grievance at El Dorado Correctional Facility. I followed the process but received no response from officials at the facility. I then submitted my grievance to the Secretary of Corrections who did respond but did not address the issues complained of in the grievance. I exhausted all my administrative remedies.

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Punitive Damages from defendants for their malicious acts of neglect and disregard for my safety, failure to provide proper protection, failure to provide proper medical assistance. Compensatory Damages for the injuries and suffering I endured because of the violation of my rights. Injunction to be safe.

_Damian N. Pentecost_ #118348
Signature of Plaintiff

Signature of Attorney (if any)

(Attorney's full address and telephone number)

5

XE-2 8/82    CIVIL RIGHTS COMPLAINT §1983