IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMIAN M. BATEAST, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case. No. 22-3093-JWL-JPO |
| | ) |
| OLUWATOSIN S. ORUNSOLU, *et al.*, | ) |
| | ) |
|        Defendants. | ) |
| | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR PRISONER RELEASE**

Defendants Dana Flores, Eric Freeman, Brandon Gaines, Coy Gannon, Adam Knapp, A. Keith Lathrom, Malty Martin, Oluwatosin Orunsolu, and Orlando Perez ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff Damian M. Bateast's Motion for Prisoner Release (Doc. 15). Defendants respectfully request that this motion be denied and state the following in support.

    **I.**    **None of the statutory requirements for a prisoner release order have been met.**

In the motion, Bateast requests that this Court order his release from prison due to newly alleged retaliatory conduct by unspecified "prison officials." Under 18 U.S.C. § 3626(3), the Court cannot enter a prisoner release order unless (1) a court has previously entered an order (or orders) for less intrusive relief; (2) the defendants have had a reasonable amount of time to comply with the previous orders; (3) the release order is entered by a three-judge panel convened after the first two requirements are met; (4) the three-judge panel finds by clear and convincing evidence that overcrowding is the primary cause of the violation of a federal right; and (5) the three-judge panel finds by clear and convincing evidence that no other relief will remedy the

violation of a federal right. These requirements apply in a civil action with respect to prison conditions, such as this § 1983 action, for any requests for relief that would result in the release of prisoners (including prospective relief and preliminary injunctive relief). *See* 18 U.S.C. § 3626(g)(2), (4).

None of these requirements are met here. No courts have entered any orders for relief. Bateast does not even allege, much less provide clear and convincing evidence, that any alleged violations are primarily due to overcrowding.[1] Bateast also does not explain and prove why the relief requested in his complaint would be insufficient to cure any ongoing retaliation. Because none of the statutory requirements have been met, the court should deny the motion.

**II.    In the alternative, Bateast cannot receive injunctive relief that strays from the requested permanent relief in the Amended Complaint.**

Because Bateast is requesting injunctive relief prior to the resolution of the case, he is requesting a preliminary injunction. *Preliminary injunction*, Black's Law Dictionary (11th ed. 2019) ("A temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case."). "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Accordingly, "[a] preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be

---

[1] Further, Bateast's allegations are inconsistent with alleging that any violations were primarily due to overcrowding. (*See, e.g.,* Doc. 6-2 at 12 ("Knapp . . . knew what would transpire and even condoned it . . . . Orunsolu exposed [Plaintiff's] P.C. status to the entire cellhouse in [a] forced attempt to get Plaintiff to sign a P.C. waiver that made him a target"); Doc. 15 at 4 ("Plaintiff is being targeted and tortured").)

granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Here, Bateast requested in the Amended Complaint compensatory damages, punitive damages, a declaratory judgment, and an injunction requiring prison officials to give Bateast a cell to himself. (Doc. 6-2 at 21.) Bateast now requests a new and drastic form of relief – asking that the court order his release from prison – which would not be "intermediate relief of the same character as that which may be granted finally." *See Hicks*, 332 F. App'x at 508. Therefore, because Bateast's motion for temporary injunctive relief strays from the requested permanent relief in the Amended Complaint, the Court should deny the motion.

### III. In the alternative, Bateast cannot receive injunctive relief that strays from the underlying claims in the Amended Complaint.

The movant for a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). As part of establishing that relationship, the plaintiff must allege that the defendants in the case participated in the injury complained of in the motion. *See id.* The movant bears the burden to establish by clear proof that the movant "will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In *Hicks*, an inmate requested a preliminary injunction preventing his transfer out of a protective custody unit. *Hicks*, 332 F. App'x at 508. The district court denied the request because it was unrelated to the inmate's complaint, which alleged only that defendants had put him in an undesirable cellmate situation. *Id.* at 507-08. The Tenth Circuit affirmed, saying that "[t]he district court did not abuse its discretion in denying a preliminary injunction or TRO" because

the plaintiff "sought relief 'on a matter lying wholly outside the issues in his suit.'" *Id.* at 508 (quoting *De Beers*, 325 U.S. at 220). The court held that the transfer issue (which arose after the filing of the complaint) "bore no relation" to the cellmate issue. *Id.* at 506-08.

Here, the alleged injuries in the motion arise predominately from different facts than those alleged in the complaint. The motion alleges several injuries after the filing of the complaint that involve entirely different matters (poisoned and nutritionally inadequate food, exposure to blood, and irritating lotion) from the facts alleged in the complaint (assault by a fellow inmate while in protective custody in June 2020). Although Bateast vaguely mentioned, in passing, contaminated food in the Amended Complaint (Doc. 6-2 at 15, 21), he did not include it in the list of counts of alleged violations of his federal rights, he did not allege sufficient facts to give a plausible basis for any claim based on it,[2] and he did not allege that any of the Defendants were responsible for it. The motion also alleges a second assault by a fellow inmate while in protective custody in November 2021, distinct from the June 2020 assault alleged in the complaint. Bateast does not allege that this separate event involved any of the Defendants, and he does not explain why he failed to include this incident in the Complaint or Amended Complaint (filed in May 2022 and July 2022, respectively). For all of these unrelated injuries claimed in his motion, Bateast fails to specify how the Defendants participated in them. Although Bateast briefly mentions the June 2020 assault as well, the motion relies predominately on newly alleged injuries outside those in the Amended Complaint.

Simply stated, Bateast's motion does not flow from the claims in the complaint but rather attempts to bring new claims without amending Bateast's complaint to include the new claims.

---

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

What is more, Bateast has not exhausted administrative remedies with regard to the new claims, which would be required under the Prison Litigation Reform Act even if Bateast were allowed to amend his complaint to include the new claims. 42 U.S.C. § 1997e(a).

## CONCLUSION

None of the statutory requirements for a prisoner release order have been met, and, alternatively, Bateast's motion – which is ultimately a request for preliminary injunctive relief – strays from both the requested permanent relief and the claims in the Amended Complaint.

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an Order denying Bateast's Motion for Prisoner Release, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of January, 2022, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

Robert E. Wasinger
Ellsworth Correctional Facility
1607 State St., PO Box 107
Ellsworth, KS 67439
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

Damian M. Bateast, #118348
Lansing Correctional Facility-Central
P.O. Box 2
Lansing, Kansas 66043
*Plaintiff, pro se*

                                                    */s/ Matthew L. Shoger*
                                                    Matthew L. Shoger