# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAMIAN M. BATEAST,**

                **Plaintiff,**

    v.                                      **CASE NO. 22-3093-JWL**

**OLUWATOSIN S. ORUNSOLU, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Prisoner Release (Doc. 15) filed by Plaintiff. Plaintiff asserts that he should be released because his constitutional rights have been "continually violated" by KDOC staff. Defendants have filed a response to the motion (Doc. 17).

In support of his motion, Plaintiff states that since arriving at Lansing Correctional Facility ("LCF"), his meals have been contaminated with foreign objects and poisoned. He believes he is being targeted by guards. He further alleges that on December 14, 2022, he was assigned a cellmate who arrived from the infirmary covered in dried blood and with open wounds on his arms. Plaintiff's request to be moved due to the health hazard posed by the cellmate was refused, as was his request for cleaning supplies. In addition, Plaintiff states that on December 15, 2022, he was assigned another cellmate with whom he had previously had "altercations." Plaintiff alleges that this cellmate contaminated all of his hygiene products by putting a substance into them that caused Plaintiff's skin to burn. Plaintiff also generally alleges numerous other attacks by inmates and exposure to hazardous conditions. He concludes by stating that he is "not safe in KDOC custody." Doc. 15, at 4.

1

Plaintiff does not state the statutory or constitutional basis for his motion. Generally, release from custody is not a remedy the Court can provide in a § 1983 lawsuit. *See Brown v. Sedgwick Cty. Sheriff's Office,* 513 F. App'x 706, 707 (10th Cir. 2013) (finding "release from custody is not an available remedy in a § 1983 action")*; Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (finding the plaintiff's "request for an injunction ordering his immediate release from custody is not a cognizable request for relief in this § 1983 claim"). A petition for habeas corpus relief is a state prisoner's remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

However, as Defendants point out in their response, there is an exception. 18 U.S.C. § 3626(a)(3) "permits a three-judge federal court to order release of a state prisoner under limited circumstances." *Morgan v. Bear*, 652 F. App'x 597, 599 (10th Cir. 2016). The statute applies in civil actions with respect to prison conditions only where a three-judge court finds by clear and convincing evidence that over-crowding is the primary cause of the claimed civil rights violation, where a court has previously ordered less intrusive relief that failed to remedy the deprivation, and where the three-judge court finds by clear and convincing evidence that no other relief will remedy the rights violation. 18 U.S.C. § 3626(a)(3)(A)-(E).

The Court agrees with Defendants that none of these requirements are met here. Plaintiff has not shown that over-crowding caused any of the complained of conditions or incidents, nor has he shown that a court has already ordered relief that failed to remedy the situation. Plaintiff does not meet the very narrow grounds for release under 18 U.S.C. § 3626(a)(3).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Prisoner Release (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 13th day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE