3/14/23, 12:19 PM                                   Kansas Department of Corrections

EXHIBIT _A_
PAGE _1_ OF _4_

# Names

| Name Type | Name |
|-----------|------|
| Conviction | BATEAST, DAMIAN MIGEL |
| True | BATEAST, DAMIAN MIGEL SR |



# Identification

| KDOC # | SID Num | FBI Num |
|--------|---------|---------|
| 0118348 | ▬▬▬▬ | 51938▬ |

(kasper/search/image?kdocNumber=0118348&imageNumber=1)

BATEAST, DAMIAN MIGEL

**Approx Picture Date**

2022-10-17

# Birthdates

| Birthdate Type | Birthdate | Age |
|----------------|-----------|-----|
| True | ▬▬▬▬ | 37 |

# Demographics

| Eye Color | Hair Color | Height | Weight | Gender | Race |
|-----------|-----------|--------|--------|--------|------|
| Brown | Black | 5'-6" | 164 | Male | Black |

# Current Status reported by Dept. of Corrections

**Work or Program Participation** Not Working

**Earliest Possible Release Date (1)** Aug 03, 2023

**Current Status** Incarcerated

**Admission Date** Feb 13, 2018

Kansas Department of Corrections

Current Location (2)    **Lansing CF-Central (http://www.doc.ks.gov/facilities/lcf)**

Custody Level    Special Management

EXHIBIT ___A___
PAGE _2_ OF _4_

**(1) This date could be affected by a parole board decision or good time and/or program credit.**

**(2) Click on Location for the Facility web site.**

# Convictions

| County | Case Number (I) | Offense Date | Sentencing Date | ACS | Criminal Conviction Description | Counts | Crime Severity Level | Case Status (II) | Stat |
|--------|-----------------|--------------|-----------------|-----|-------------------------------|--------|---------------------|------------------|------|
| Crawford | 16CR57G | Jan 15, 2016 | Aug 30, 2017 | N/A | Dist/poss int dis heroin or meth lt1g | 1 | Drug-grid Severity Level 4 | Active | KS |
| Crawford | 13CR54G | Mar 04, 2012 | Dec 02, 2013 | N/A | Agg Battery - Bodily Harm Ddly Weapon/Manner | 1 | Non Drug-Grid Severity Level 7 | Active | KS |
| Crawford | 16CR46G | Nov 03, 2015 | May 18, 2017 | N/A | Dist/poss int dis heroin or meth lt1g | 1 | Drug-grid Severity Level 4 | Active | KS |
| Crawford | 16CR46G | Nov 04, 2015 | May 18, 2017 | N/A | Dist/poss int dis heroin or meth lt1g | 1 | Drug-grid Severity Level 4 | Active | KS |

(I) If Number includes  JV  : Extended juvenile jurisdiction adjudications with adult prison sentences stayed, then imposed.

(II) If Status includes * : Denotes Active for Post Release Supervision Only.

3/14/23, 12:19 PM                                     Kansas Department of Corrections

EXHIBIT __A__
PAGE _3_ OF _4_

# KDOC Physical Location History(s)

| Location | Movement Date | Movement Reason |
|---|---|---|
| Lansing CF-Central | Oct 17, 2022 | Inter-Facility Movement |
| El Dorado CF-Central | Oct 19, 2021 | Inter-Facility Movement |
| Lansing CF-Central | Sep 17, 2021 | Returned From Court Appearance |
| Crawford County | Sep 16, 2021 | Released For Court Appearance |
| El Dorado CF-Central | Apr 26, 2019 | Returned From Court Appearance |
| Crawford County | Apr 24, 2019 | Released For Court Appearance |
| El Dorado CF-Central | Mar 21, 2019 | Returned From Court Appearance |
| Crawford County | Mar 19, 2019 | Released For Court Appearance |
| El Dorado CF-Central | Jan 10, 2019 | Inter-Facility Movement |
| Ellsworth CF | Apr 17, 2018 | Inter-Facility Movement |
| El Dorado CF-RDU | Feb 13, 2018 | Probation Viol. New Sentence |

# KDOC Disciplinary Report(s) since January 1996

| Date | Class | Location | Type of report |
|---|---|---|---|
| Feb 10, 2023 | 1 | Lansing Correctional Facility - Central | Undue Familiarity |
| Jan 21, 2023 | 1 | Lansing Correctional Facility - Central | Disobeying Orders |
| Oct 22, 2020 | 1 | El Dorado Correctional Fac. - Central | Disobeying Orders |
| May 22, 2020 | 1 | El Dorado Correctional Fac. - Central | Fighting |
| Mar 20, 2020 | 1 | El Dorado Correctional Fac. - Central | Theft |
| Feb 25, 2020 | 2 | El Dorado Correctional Fac. - Central | Violation of Published Orders |
| Feb 24, 2020 | 1 | El Dorado Correctional Fac. - Central | Violation of Published Orders |
| Dec 04, 2019 | 1 | El Dorado Correctional Fac. - Central | Dangerous Contraband |

3/14/23, 12:19 PM                                    Kansas Department of Corrections

EXHIBIT ___A___
PAGE ___4___ OF ___4___

| Date | Class | Location | Type of report |
|------|-------|----------|----------------|
| Oct 11, 2019 | 1 | El Dorado Correctional Fac. - Central | Undue Familiarity |
| Jul 05, 2019 | 1 | El Dorado Correctional Fac. - Central | Disobeying Orders |
| Jun 28, 2019 | 1 | El Dorado Correctional Fac. - Central | Fighting |
| Jun 28, 2019 | 2 | El Dorado Correctional Fac. - Central | Restr Area/Unauth Presence |

EXHIBIT ___B___
PAGE __1_ OF _19_



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas**
Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

August 31, 2020

TO:    0118348 BATEAST, DAMIAN

El Dorado Correctional Facility

RE:    Grievance # NA

I am writing to you in response to your grievance report form that we received.

K.A.R. 44-15-102 requires an inmate to file a formal grievance with the principal administrator of the facility before appealing to the Secretary.

The content of your grievance form reflects no evidence that you filed your grievance with the facility principal administrator before pursuing an appeal with the Secretary.

In accordance with K.A.R. 44-15-102 (c) (4), we are forwarding your grievance to the warden of the correctional facility where you are housed. If you have further questions regarding this matter, we suggest that you contact your unit team.

Sincerely,

Douglas W. Burris
Corrections Manager, Facility Management

cc:    Warden Cline
       w/attachments
Image:  SOCRESP
        w/attachments

EXHIBIT___ B
PAGE_ 2 OF 19
RECEIVED
AUG 31 2020
Doc Facility Management Area

Dear Mr. Secretary,

My name is Damian M. Bateast #1183Y
I am a prisoner at El Dorado Correctional facility.
My reason for writing is to inform you of my
attempts at a remedy to my grievance and how
I haven't recieved an response from Unit team
or the warden. I have obeyed every step put
forth in the Inmate handbook to no avail. Every
attempt I've made at a response to my grievance
has been thwarted. I know for a fact that Unit
team recieved my grievance because Unit team
Knapp approached me while doing rounds and
showed me my grievance and assured me he
was forwarding it to the warden for a response.
Still I'm waiting even after the 10 day deadline
has expired my situation hasn't changed and I
continue to be put in risk of harm. My next step
is this letter with my grievance and reciept
attached in hopes of you responding in writing
and action. I hope to hear from you soon Sir.

Respectfully

Damian M. Bateast

RECEIVED

AUG 31 2020

DOC Facility Management Area

Dear Mr. Secretary,

My name is Damian M. Bateast #118342 I am a prisoner at El Dorado Correctional facility. My reason for writing is to inform you of my attempts at a remedy to my grievance and how i haven't recieved an response from Unit team or the warden. I have obeyed every step put forth in the Inmate handbook to no avail. Every attempt I've made at a response to my grievance has been thwarted. I know for a fact that Unit team recieved my grievance because Unit team knapp approached me while doing rounds and showed me my grievance and assured me he was forwarding it to the warden for a response. Still I'm waiting even after the 10 day deadline has expired. My situation hasn't changed and I continue to be put in fear of harm. My next step is this letter with my grievance and reciepts attached in hopes of you responding in writing and action. I hope to hear from you soon Sir.

Respectfully

Damian M. Bateast

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_Protect_
Last Name Only

## KANSAS DEPARTMENT OF CORRECTIONS

_110348_
Number

### INMATE REQUEST TO STAFF MEMBER

To: _UNIT TEAM JOHNSON_       Date: _3-29-2020_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Is there anyway I could be moved into a cooler
or cell? I feel this will be safer for
me & minimize attemps of others to harm
me. _____
          _Thankyou_

Work Assignment: _____       Living Unit Assignment: _A 2 # 259_
Comment: _____       Unit Team Members Signature: _____

---

Disposition:
You Are in Seg. it doesn't get much
Safer in Seg. There is very limited Chance
an offender Can harm you when we are

To: _____       Date: _____
          (Name & Number)

Disposition: _on 23 hour lockdown here in Actl._

_1715 Hoffman_
Employee's Signature

To be returned to inmate.

P-0009b

EXHIBIT _B_
PAGE _5_ OF _19_

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_Brtherst_
Last Name Only

## KANSAS DEPARTMENT OF CORRECTIONS

_116348_
Number

### INMATE REQUEST TO STAFF MEMBER

To: _Unit Team_ _Odinson_    Date: _3-29-2020_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Is there anyway I could be moved into a cell that is civilian. I feel this will be safer than one a minimine cell. Thank you.

Work Assignment: _____    Living Unit Assignment: _A-2 #259_

Comment: _____    Unit Team Members Signature: _____

Disposition: You are in Seg. it doesn't get much Safer in Seg. There is very limited chance an offender can harm you when we are

To: _____    Date: _____
(Name & Number)

Disposition: _on 23 hour lockdown here in AcH._

_1775_  _Employee's Signature_

To be returned to inmate.

P-0009b

Tear off and give to inmate when submitted to Warden through Unit Team.

Number 118348   Date 7/22/2020

Inmate Name DAMIAN M Breast   col Rivers

Unit Team Staff Signature _____

---

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Number _____   Date 7/22/20

Inmate Name _____

Receiving Staff Signature col Rivera

**Effective Date (3-18-96) P-157**

---

Tear off and give to inmate when submitted to Warden through Unit Team.

Number _____   Date _____

Inmate Name _____

Unit Team Staff Signature _____

---

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Number 118348   Date _____

Inmate Name DAMIAN M Brist   col Rivera   District Sign custody & medical

Receiving Staff Signature COL Rivera

**Effective Date (3-18-96) P-157**

EXHIBIT ___B___
PAGE ___7___ OF ___19___

Tear off and give to inmate when submitted to Warden through Unit Team.

Inmate Name __DAMIAN M PATTERST__   Number __118348__

Unit Team Staff Signature __Col Rivera__   Date __7/27/2029__

---

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name _____

Receiving Staff Signature __Col Rivera__   Number _____

Date __7/29/20__

**Effective Date (3-18-96) P-157**

---

Tear off and give to inmate when submitted to Warden through Unit Team.

Inmate Name _____   Number _____

Unit Team Staff Signature _____   Date _____

---

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name __DAMIAN M PATTERST__   Number __110348__

Receiving Staff Signature __Col Rivera__   Date _____

__Digital lien__   __custody & medical__

**Effective Date (3-18-96) P-157**

EXHIBIT B
PAGE 8 OF 19

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

**INMATE COMPLAINT**

Inmate's Name Damion M. Batiest                   Number 110345

Facility EDCF          Housing Unit A-2 #123          Work Detail _____

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names. dates. places. *rules*. regulation. etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). This Grievance intels the Lack of Prison Staff's Procedural material and Policy which Lend to me being injured while in Protective Custody, And my medical Staff Negligence of medical attention to my injuries, I've attached documents that are related to these incidents.

Date this report was given to Unit Team for informal resolution (to be completed by inmate). 7-14-2020

---

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

Pursuant to KAR 44-15-102 (A)(2),
No response from Unit Team

_____     _____
Unit Team Signature                      Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response. and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

Damion M. Batiest                          7-27-2020
Inmate Signature                             Date

---

**`WARDEN RESPONSE** (Complete. attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____   _____   _____   _____
Inmate's Signature              Date      Unit Team Signature             Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

---

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                              _____

Grievance

I was moved into cell #211 and after my first cellmate moved inmate Austin moved in with me. A few days later we were told we would be moving to cell #123. My understanding for the move was because cell #211 had no phone or T.V connection installed. On 6-26-2020 me and inmate Austin were told to cuff up by C.O. Flores and C.O. Lathrum. They first took our property and said they would move us next. Inmate Austin asked the C.O.'s if they could let us bring our matresses also. The C.O.'s said they would provide us with new mattresses when we moved into cell #123. Inmate Austin gave his reason for bringing the mattress he was already sleeping on but the C.O.'s refused to bring it along as they escorted us to cell #123. The C.O.'s provided us with a mattress apeice but inmate Austin was adamant

⟶

give evidence
about getting the inmate ___
from cell #211 that he had left
in there. The C.O.'s went on
about their ___ ___ calling
C.O. Flores to the doors and ___
___ him to give him ___ ___
he went and ___ ___ and
bring it to cell #123. The C.O.'s
pushed the mattress through
the ___ to inmate Austin
which was cold because they
had just provided us with both
with mattresses, and both ___
___ he recieved was in ___
___ than mine. The C.O. went
___ protocol and didn't go by
___ regulations. Because of them
providing inmate ___ ___ with that
mattress they also provided him
with the blunt object that
he later used to ___ me in the
___ with and cause severe
damage to my head and face. If
not for these officers violation
___ ___ policy the object

# Grievance

which was contraband in Seg
would have not been in dorm #
123. I noticed the pole in the
mattress but didn't ask about
why it was there or why he
was so adamant about getting
the mattress. Later that day
when Unit Team thropp was making
his evening rounds. inmate Austin
stopped him and had a conversation
with him about his custody status
which was (CSH) citizen security
high. He was irate and asking
if thropp was gonna let him
out of Seg next to him. I stopped
listening and put my headphones
on. thropp soon left and he
climbed on the top bunk, later
dinner C.O. Gaines and C.O Perez
came to our cell door for shower.
I said yea but inmate Austin refused.
I got ready, turned on the light
and went to the door to get cuff
-ed. As C.O. Gaines was cuffing me
inmate Austin was still laying

# Grievance

on his bunk. I looked back at C.O. Gaines because he was still holding the cuffs until they were closed and locked on my wrist. Suddenly I felt something hit me across _____ _____ I went blank. It happened so fast _____ this when I realized what was going on the C.O.'s had me _____ placed me handcuffed me _____ the bunk and put _____ Austin back on the bed. About _____ get cuffed when he left the _____ placed the locks in his hand _____ on the _____ _____ _____ the officer _____ the _____ door opened and we were lead out of the cell _____ _____ being held in protective custody in Segregation I was not to be housed with an inmate who was OSI or not of my custody status. I've addressed this issue with Unit Team Arunold many times because there were people here

EXHIBIT ___B___
PAGE __13 OF _19_

# Grievance

In El Dorado Correctional Facility.
Who were cut to go me, Unit
Team Counselo uccin tell ... e
that he made the ..... and
didn't have to tai... .. .. peple
Th.. ............... ........ .. u
ne not to let anyone knew I
was on P.C. Status but when an
incident occurred with a celly
and I asked to be ... d that
Team Coun. old ..... sa... ..r
loud enoug..., .a.. ti.. where all ...ce
to becu. that i should just sian
my P.C. ... ...... ... ... to ...... ...
population. in .... .. to everyone
that I'm on P.C. .... .... ... ...
done this on 2 occassions. I have
continually been placed in the cell
with inmates not (t..) y status. I
am on P.C. status I fear tor my
Life and Unit Team did .... ..
but by placing me in the cell with
Inmate ... ... ... ... ... ... ... sin
th beam that would not exist

EXHIBIT ___B___
PAGE _14_ OF _19_

# GRIEVANCE

On Inmate [illegible] with me
[illegible] being moved to another
cell I was lead to the officers
desk [illegible]
[illegible] to the inmate [illegible]
about [illegible]
A [illegible] slide and slam [illegible]
[illegible] again to [illegible]
[illegible] I was then [illegible]
[illegible] given a [illegible] my own I asked
[illegible] a doctor because [illegible]
I was then [illegible] and lead out
of a cell because at [illegible] by [illegible]
cells because I was [illegible]
barely able to walk from the dizziness
[illegible] to my exam, [illegible] is the
exam [illegible] my head [illegible]
[illegible]
I was then [illegible] to the [illegible]
where I was thrown in a suicide cell
at the end of the hall. Cell #117.
I had [illegible] on the show cell.

# GRIEVANCE

window to get the nurse and C...
attention who were in the tower.
I told the nurse multiple times
that I was in pain, feeling to dizzy
to laydown cause I would begin
to vomit when I layed. I told her
that something wasn't right and
I needed to see a doctors. She gave
me Ibuprofen and said that's all
she could do. I was left in that
intake cell. I know anyone who
had an head injury needs to be
seen by a doctor because there could
be internal bleeding, going to sleep
with an concussion ... to seizures and
can be fatal. I didn't ... ... ...
until the next day around 2 or 3
o'clock when I was transported
to the E.R. by C.I. Gunner and
C.S.I Freeman. After test and x-
rays my injuries were severe and
required surgery. Bones were
broken in my face and trauma to
my head. Protocol for an head
injury wasn't followed and I wasn't

GRIEVANCE

given proper medical attention
by prison staff. [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
the [illegible] 24 hours [illegible]
[illegible]
[illegible] I only [illegible]
[illegible]
call to a [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
the accident and my injuries. I asked
[illegible] why [illegible]
[illegible] cp fall [illegible]
[illegible] I didn't [illegible]
[illegible]
[illegible]
[illegible] that I was going
[illegible] I have [illegible] been
able to [illegible] my pain med because

# GRIEVANCE

I'm not allowed [illegible]. I'm
in the infirmary to [illegible] I'm [illegible]
I have to put in a [request]
[illegible] which went [illegible]
the next day. I'm afraid that this
will happen again if policy isn't
changed as staff isn't held account-
-able for their actions. I'm inside my
protective custody should be protect-
-ed and not housed with inmates
not of even status or inmates from
general population. It puts p.c. inmates
[illegible] and [illegible].
The decision to leave inmates of
different custody [illegible] an unsafe
and unsafe environment. Something
should be done about [illegible] checking the
seg. I'm an inmate in p.c. and I'm
still afraid for my life because
it's [illegible] can be [illegible] with
the [friend] and [illegible] of an inmate
who wishes me harm. That is the
situation that can happen and has
brought about this grievance.

EXHIBIT ___B___
PAGE _18_ OF _19_

# GRIEVANCE

Enforce policy on _____ _____
to inmates in protective custody.
Can be _____ _____ _____
protection.

_____ _____

GRIEVANCE
PURSUANT to KAR 44·15-102(A)(2)

I turned in a 10 page grievance
to prison staff on 7-13-2020
who signed and dated the
Receipt that I hold in my
possession. This grievance was
to be delivered to Unit Team.
I have NOT recieved an Response
from Unit Team within the
10 calendar days allowed. There
fore I am proceeding on with
Grievance procedure step ---
mentioned in KAR 44-15-102(2)
(b). Complaint to warden.

EXHIBIT ___C___
PAGE _1_ OF _8_



**Kansas**
Department of Corrections

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

## MEMORANDUM

DATE:     July 1, 2020

TO:       Warden Cline
          El Dorado Correctional Facility

FROM:     Douglas W. Burris
          Corrections Manager- Risk Management

SUBJ:     0118348 BATEAST, DAMIAN
          Attached unnumbered grievance

We received the attached unnumbered grievance report form from the above noted inmate. We noted that there is no evidence that the inmate has sought assistance from staff at the facility regarding this complaint.

In compliance with K.A.R. 44-15-102 (c) (4), we are forwarding this to you for response to the inmate. On this date, we advised the inmate of our action regarding this complaint.

Thank you for your assistance with this matter.

*Enclosure-original grievance report form.*

Image:  SOCRESP
        w/attachments



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

EXHIBIT ___C___
PAGE _2_ OF _8_

July 1, 2020

TO:     0118348 BATEAST, DAMIAN

        El Dorado Correctional Facility

RE:     Unnumbered Grievance Report

I am writing to you in response to your unnumbered grievance report form that we received.

K.A.R. 44-15-101(b) and K.A.R. 44-15-102(a) require an inmate to seek information, advice, or assistance from the unit team before filing a formal grievance. K.A.R. 44-15-101(d) and K.A.R. 44-15-102(b) require an inmate to file a formal grievance with the principal administrator of the facility before appealing to the Secretary.

You have failed to provide any evidence that you have complied with both of the above requirements. The content of your grievance form reflects no evidence that you have conferred with your unit team about the matters raised therein. Also, you have provided no evidence that you filed your grievance with the principal administrator before pursuing an appeal with the Secretary.

In accordance with K.A.R. 44-15-102 (c) (4), we are forwarding your grievance to the warden of the correctional facility where you are housed. If you have further questions regarding this matter, we would suggest that you contact your unit team.

Sincerely,

Douglas W. Burris
Corrections Manager, Facility Management

cc:     Warden Cline
        w/attachments
Image:  SOCRESP
        w/attachments

EXHIBIT _____ C
PAGE _3_ OF _8_

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

**INMATE COMPLAINT**

Inmate's Name Damian M. Bateast                    Number 118348

Facility EDCF          Housing Unit A-2 #211        Work Detail _____

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). I Damian M. Bateast #118348 do hereby swear the following is true. On 6-22-2020 in cell house A-2 CO Johnson and CO Logat passed out dinner trays and drinks. I was passed a contaminated food tray by C.O. Johnson. I've attached documents in my hand that deliterates this incident in detail.

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _____

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

### RECEIVED

### JUL 0 1 2020

DOC Facility Management Area

_____
Unit Team Signature                Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

_____ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_____          _____
Inmate Signature                                    Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____          _____
Inmate's Signature            Date    Unit Team Signature                Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                    _____

Type of Complaint (Item 4: Code 01-75)     _____  _____

Cause of Complaint (Item 5: Code 01-30)    _____  _____

Type of Response (Item 6a: Code 01.02.08 or 09)

Tear off and give to inmate when submitted to Warden through Unit Team.

Inmate Name _____     Number _____

Unit Team Staff Signature _____     Date _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name _____     Number _____

Receiving Staff Signature _____     Date _____

**Effective Date (3-18-96) P-157**

EXHIBIT _C_
PAGE _4_ OF _8_

RECEIVED EXHIBIT __C__

PAGE _5_ OF _8_

JUL 0 1 2020

DOC Facility Management Area

# GRIEVANCE                                  6-23-2020

ON 6-22-2020 iN cell house A-2 C.O.
Johnson passed out dinner trays
and C.O. Cagat passed out drinks. I
Noticed as C.O. Johnson passed my
cell with the food tray cart headed
to the END of the RUN to begin
passing out food trays. Me and my
celly prepared to recieve our tray
by turning on the Light and waiting.
C.O. Johnson made it to cell #204
and paused there for a Significant
amount of time for what reason
I couldnt see. When she finally
made it to our cell she passed
my celly his tray and he walked
away from the door. I stepped
up to recieve my tray and as
soon as C.O. Johnson placed the
tray on the binghole door I
looked down and saw blood part-
icles all over the food and on
empty spots on the tray. I examine
the tray closely and realized
that the substances on the tray
was human waste. I called out

EXHIBIT C
PAGE 6 OF 8

# Grievance                    6-23-2020

C.O. Johnson and she pushed the cart further down the run as if she was in a hurry and didn't hear me. I called out louder to make sure she heard me, she turn and acknowledged my call. I told her this tray isn't right, and that I wasn't gonna eat that chap. I told her its feces on the tray and I wanted another one. She came to the door and I showed her the particles on the tray which she acknowledged as human waste. I asked her why would you pass me that tray knowing it had chap on it. She state she didn't know it was on there. She stated she wasn't gonna ~~argue~~ argue. I said just give me another ~~tray~~. She walked back to the cart 2 doors down the run, placed the contaminated tray on the bottom of the cart and grabbed another tray off the cart. I noticed that when

pg. 2

EXHIBIT __C__
PAGE __7__ OF __8__

GRIEVANCE      6-23-2020

→ She grabbed the second tray
off the cart she swung it to her
right infront of cell #215 and
held it there for a prolonged
amount of time. I lost sight at
this point because C.O. Lagat
pushed the drink cart in my
line of sight. C.O. Johnson passed
a tray over the coolers to C.O.
Lagat to pass to me. I took the
tray and examined it but I had
to wash the patty off with water
just to have something to eat. I
didn't trust the rest of it cause
if it happened once it's bound to
happen again. Officers that com-
mit these acts of malicous intent
aren't being held accountable but
someone should look into this
matter and not continue to be
mute. I'm left to endure the
retaliation of these officers
because nothing is being done.
I've been dealing with this issue
for the past year with no change

page 3

EXHIBIT____C____
PAGE__8_ OF__8_

GRIEVANCE    6-23-2020
→ The cellhouse knows what
happened Lagat and others do
also. The whole cellhouse is my
witness to this incident. Take
action please.

Damian Bateast

EXHIBIT ___D___
PAGE _1_ OF _14_

# Grievance-Response on Appeal

**FACILITY:**       **El Dorado Correctional Facility**

**INMATE:**       **0118348 Bateast, Damian**

**GRIEVANCE NO.:**  **CA00022717**

**DATE:**        **November 10, 2022**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.


**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:   Warden Williams
Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

EXHIBIT _____ D

PAGE 2 OF 14

APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: Damian M. Bateast    Facility: EDCF

Inmate Number: 118348    Grievance Serial No.: 9/11/22 CA2717

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections    Date Mailed: November 03 2022
714 SW Jackson
Suite 300    NOV 07 2022
Topeka, KS 66603

DOC Facility Management Area

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I recieved the wardens response but I am not satisfied. I have attached documents in my hand asking the secretary to take action. →

Damian M. Bateast
Signature of Inmate

I am now at Lansing Correctional Facility

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

For D.O.C. Staff Use Only

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

11·3·22

I feel the Principal Administrators should have investigated this incident and paid a visit to my cell so I could show him the evidence to prove the malicous actions of C.O. Benson. I feel the Principal Administrators should have reprimanded C.O. Benson to the fullest extent and terminated her employment. I feel that the actions of C.O. Benson were criminal and could have killed me. If she is allowed to get away with this deliberate attempt on my life then it may enbolden her to try it again on another vunerable inmate who may not be as fortunate as I was. I ask the Secretary of Corrections to follow through with this investigation and he will uncover the truth. that C.O. Benson poisoned my food in an deliberate attempt to get me to ingest it and cause my death. Her actions were criminal and if in the free society she would be facing criminal charges of attempted murder. I would like the Secretary to know that on 9-19-22 I contacted El Dorado Police Department to report this incident. I was told that

EXHIBIT _D_
PAGE _4_ OF _14_

→ someone would come to talk to me.
The person who was sent to my cell was
Unit team Abel who I explained the incid
ent to in full detail. He took the containers
the poison was placed in and examined
it. He came to the same conclusion I did
because he was afraid to open the
containers. He passed it back to me saying
he would take care of it but nothing was
done about it. I was still unsafe and
unable to eat at times because C.O. Benson
would attempt to pass me food trays.
I endured her torture. I was transferred
to Lansing Correctional facility on Oct 17th.
I ask the secretary send someone to
talk to me so that I may still prove that
C.O. Benson intentionally tried to harm me
by poisoning my food. I trust that the
Secretary will do his duty and bring
an Employee who committed criminal
actions to justice so that his prisons
will be ran securely and safely.

Damian M. Bateast



EXHIBIT _D_
PAGE _5_ OF _14_



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

# Kansas
### Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary
Tommy Williams, Warden

Laura Kelly, Governor

Date:     OCT 1 3 2022

To:    Bateast, Damian #118348 A2-265

Subject:  Grievance dated 9/11/22, CA22717

Findings of Facts: Your grievance was received and a review into your allegations has
been completed.

Conclusion Made:  After a review of the applicable documentation, it was determined
the response provided by UTM J. Buchanan is appropriate regarding your issues.

Action Taken:  Appropriate steps have been taken to ensure the process has been
properly followed.

Pursuant to K.A.R. 44-15-102 (3) (B), you may appeal this answer by submitting the
appropriate form to the Secretary of Corrections by mail.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc: file
     Offender
     UTM J. Buchanan

EXHIBIT ___D___
PAGE __6__ OF __14__

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name Damian M. Bateast          Number 110348

Facility EDCF          Housing Unit A-2 #265          Work Detail _____

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). I Damian M. Bateast do hereby swear that the actions of C.O. Benson detailed in this Grievance is true. Benson deliberately gave me a poisoned food tray in an attempt to get me to eat it. Her malicous act could have been the death of me. I've attached documents in my hand that dieterate this incident.

Date this report was given to Unit Team for informal resolution (to be completed by inmate). 9-11-22

### UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

RESPONSE ATTACHED.

Unit Team Signature _____ WM Brewton _____   Date 9-14-2022

### INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__✓__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). CCI Mohrus

Inmate Signature: Damian M. Bateast  Recieved 9-16-22          Date 9-25-22

### WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received OCT 12 2022    Date of Final Answer OCT 13 2022    Date Returned to Inmate _____

_____    _____
Inmate's Signature          Date    Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number          CA22717          RECEIVED

Type of Complaint (Item 4: Code 01-75)          31          OCT 12 2022

Cause of Complaint (Item 5: Code 01-30)          01

Type of Response (Item 6a: Code 01,02,08 or 09)          08          WARDEN'S OFFICE

On 9-5-22 I was passed a contaminated lunch tray by C.O. Benson. The tray I recieved for lunch had a pungent smell that got me intoxicated and dizzy as soon as I sat down to eat. I immediately noticed that the onions on the tray didn't look right and the pungent smell was strongest on that side of the tray. The porter warned me at the door and said don't eat that it's poisoned man you gone die. I took the onions off the tray and placed them in a plastic conteiners. I washed off the sausage and ate it which I regretted later. When Benson came around to pick up trays I communicated to her that she passed me a tray contaminated with poison. She denied that anything was wrong with the tray. It seemed to me that she had it all planned out cause she skipped a couple of trays to get to that specific tray. I asked her to get her supervisor so I can talk to him. She walked away from my door and said okay. I also pushed the button for the officer in the tower and asked to get the sergent

→ or Captain on shift to my cell. CS1 Turner
came to my cell door and I told him that
C.O. Benson had passed me a tray filled
with poison. He asked what it was I wanted
him to do about it. I asked if he could get
the Captain down here. I needed to talk
with him. I told him I could die because
Benson poisoned my food. He stated
he would review the camera. I was woory
from the poison so I asked the C.O.'s
to open the bing-hole so I could get some
air and to call for the nurse. I ask if
Benson on Williams could get the Captain.
Benson said she would call for Turner.
Turner stated he contacted the Captain
but he said he wasn't coming because he
was busy. I said to tell him it was an
emergency because his C.O. had just
g(iv)en me a food tray full of poison. I
showed him the onions from the tray
and asked him to smell it. He grabbed
the container and held it down and said
he could smell it from here. He handed
me both the plastic container. He stated
he checked the camera and didn't see

anything suspicious. I asked if he see and smell the poisoned onions. He stated yes. I said so the kitchen is sending out poisoned trays. I told him that it was done intentionally by Benson to harm me because no one else is complaining about a poisoned tray. I told him I wasn't safe and needed to talk with the Captain. He stated he would make some calls and send some emails. Thats all he can do. I asked for the nurse and he stated the nurse is busy doing insulin and she would come and check on me soon. I never seen the nurse after asking multiple times, the Captain, or Turner again that day. At shift change I tried to get help and communicate the incident to CS1 Schafor to no avail. He stated that Guards don't mess with inmate trays. I asked to see the Captain and he stated he was OIC and there was no reason for him to contact the Captain. I asked to see a nurse and he stated it has to be an emergency in order for him to contact the nurse. I told him I had ingested poison and wasn't

EXHIBIT __D__
PAGE __10__ OF __14__

feeling well. I recieved no help from Othafor. I suffered all night with dizziness and stomach pains. I discussed this issue with Unit team Martinez and Unit team Abel but I have yet to see any action taken. What C.O. Benson did was a malicous act and a deliberate attempt on my life. She should be held accountable and reprimanded for attempted murder. As of today I am still in possession of the poison onions.

Damian M. Bateast

9-11-22

4.

EXHIBIT ___D___
PAGE __11__ OF __14__



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

# Kansas
### Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary

Jeff Butler, Warden

Laura Kelly, Governor

September 14, 2022

To: Bateast, Damien   #118348  A2 265

Re: Grievance

Issue: Resident Bateast reports he feels like his food has been contaminated by officers.

Response:
   Per 44-15-102(a) you have failed to show proof that, you attempted an informal resolution before submitting you grievance.
   44-15-102(a) Grievance step 1: preliminary requirement; informal resolution and problem solving at unit team level.44-15-102(b)(1) The inmate shall attach a copy of each inmate request form used to attempt to solve the problem and shall indicate on the inmate grievance why the informal resolution did not work.

Though proper grievance procedure was not followed, I did investigate this situation and you continue to report this same issue that officers are poisoning your food.  This is not the case and there is no evidence of poison in the food as multiple residents would be sick.  This is your second grievance in the same week as the same type of grievance.

No further action will be taken.

UTM Buchanan
ACH

9:18:22

I Damian M. Bateast did recieve Unit team Buchanan's response to my grievance dated 9-11-22. I am not satisfied with her response and wish to forward this grievance to the warden's office. My rebuttal to this response is that I have written many form-9's to Unit team attempting an resolution but evidently they were of no avail. I am still dealing with gaurds contaminating my meals everyday. Even with evidence I get no relief and the gaurds suffer no consequences. I would like to include that if Unit team did investigate this incident then she would know that it is true. The entire cellhouse of A-2 witnessed what happened, I even showed the poison onions to the prison officials mentioned in this grievance and not one of them denied what they held in their hands. Unit team manager Buchanans investigation should have lead her to me because I did mention in my grievance that

I still had the evidence in my cell and in my possession. Unit team Manager Buchanan's investigation is lacking and her reason for dismissing my claims as being untrue is showing her to be bias. I ask the warden to do her own investigation into this incident. C.O. Benson committed a felony of attempted murder by poisoning my food. I was also denied medical because even though I was told I would see a nurse I never did. Benson should be held accountable and terminated for her malicous actions.

EXHIBIT _D_
PAGE _14_ OF _14_

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Bateast
_____
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

118348
_____
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _J Powell_____   Date: _____
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I submitted 2 grievances through Unit team detailing the actions of guards. These grievances were already delayed and past the deadline when returned to me without a response from the warden. They were resubmitted on 9-22-22 and I have yet to recieve a reply on the grievances themselves. If you can help me remedy this issue I would appreciate it. Thank you!!

Work Assignment: _____   Living Unit Assignment: A-2 #265

Comment: _____   Unit Team Members Signature: _____

Disposition: _____

To: _____   Date: _____
(Name & Number)

Disposition: _____

_____                    **To be returned to inmate.**
Employee's Signature

P-0009b

EXHIBIT *E*
PAGE *1* OF *2*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN M. BATEAST #118348          )
            Plaintiff             )
                                  )
vs.                               )
                                  )       Case No. 22-3093-JWL
                                  )
OLUWATOSIN S. ORUNSOLU, et al.    )
            Defendants            )
_____ )

## DECLARATION OF DARCIE HOLTHAUS

Comes now, Darcie Holthaus and declares under the penalty of perjury as follows:

1.   I am currently employed by the Kansas Department of Corrections (KDOC) as Corrections Manager in the Division of Facilities Management.

2.   Damien Bateast #118348 is known to me.

3.   I am aware that Mr. Bateast has filed a lawsuit regarding a June 26, 2020, incident at the El Dorado Correctional Facility (EDCF) in which Mr. Bateast was battered by his cellmate.

4.   One of my duties at the KDOC includes handling resident grievances submitted to the Secretary of Corrections. I have carefully reviewed the grievance records of Mr. Bateast and found that he submitted three grievances related to his complaint. True and correct copies of the grievances are attached hereto as Exhibits B, C, and D.

5.   In Grievances Exhibit B and D, Mr. Bateast alleged his food was being contaminated

Holthaus Declaration pg.1



EXHIBIT E
PAGE 2 OF 2

and in Grievance Exhibit C he grieved the June 26, 2020, incident with his cellmate,

Mr. Austin.

6.    A review of the grievances shows that Mr. Bateast only exhausted Grievance, Exhibit

D concerning contaminated food.  Grievances in Exhibits B and C were returned to the

facility for Mr. Bateast to follow the grievance procedure set out in K.A.A. 44-15-102.

7.    Mr. Bateast's grievance records do not show he followed up by exhausting his remedies

with the Grievances in Exhibit B and C.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is

true and correct.

Executed on March 08 , 2023.


_____
Darcie Holthaus

Holthaus Declaration pg.2

EXHIBIT F
PAGE 1 OF 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST #118348          )
                 Plaintiff     )
                               )
vs.                            )
                               )        Case No. 22-03093-JWL
OLUWATOSIN ORUNSOLU, *et al.*  )
                 Defendants    )
_____    )

## DECLARATION OF MATTHEW BEYER

Comes now, Matthew Beyer and declares under penalty of perjury as follows:

1. I began employment on March 24, 2008, with the State of Kansas at the El Dorado Correctional Facility (EDCF) as a Corrections Officer I and over the years I progressed through the ranks to the Human Resource Manager at EDCF on September 4, 2022. I remain in that position.

2. My job duties are to determine the priorities of the facility in meeting all personnel and EEO/AA requirements established by the State of Kansas. I also serve as an advisor to the warden and all the division and department heads regarding human resource issues and concerns. Further, I analyze the impact of personnel processes and procedures on the overall operation EDCF and assure the agency is effective and responsible in its administration and management of all personnel functions.

Beyer Declaration pg.1

EXHIBIT __F__
PAGE __2__ OF __2__

3. In my capacity as the EDF Human Resource Manager, I have access to all former and present EDCF employee personnel records.

4. Employee records for Brandon Gaines show he began employment with the State of Kansas on July 8th, 2002, as a Corrections Officer I (COI) at EDCF and left employment on May 6, 2014. He then returned to employment at a EDCF on November 16, 2020, until he left EDCF employment on February 1, 2023. Therefore, Mr. Gaines was not employed at EDCF on June 26-27, 2020.

5. Eric Freeman was employed by the State of Kansas as a Corrections Officer (COI) at EDCF until October 2, 2022.

Pursuant to 28 U.S.C. § 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March _14_, 2023.

Matthew Beyer

Beyer Declaration pg. 2

EXHIBIT __6__
PAGE __1__ OF __1__

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST #118348        )
              Plaintiff       )
                              )
vs.                           )        Case No. 22-03093-JWL
                              )
OLUWATOSIN ORUNSOLU, *et al.* )
              Defendants      )
                              )

## DECLARATION OF COY GANNON

Comes now, Coy Gannon and declares under penalty of perjury as follows:

1. I began employment on September 30, 2019 with the State of Kansas at the El Dorado Correctional Facility (EDCF) as a Corrections Officer I and I presently remain in said position.

2. I understand Mr. Bateast named me as defendant in his lawsuit and alleges I escorted him to a hospital on June 27, 2020.

3. I did not escort Mr. Bateast to the hospital on June 27, 2020, nor did I escort him on any other date to the hospital.

Pursuant to 28 U.S.C.§ 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March ___, 2023.

                                    _____ 3/7/23
                                    Coy Gannon

EXHIBIT H
PAGE 1 OF 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST # 118348    )
            Plaintiff         )
                             )
vs.                        )      Case No. 22-03093-JWL
                             )
OLUWATOSIN S. ORUNSOLU, et al.  )
            Defendants     )
_____)

## DECLARATION OF MALTY MARTIN

Comes now, Malty Martin and declares under penalty of perjury as follows:

1. I began employment on May 9, 2014, with the State of Kansas as a Corrections Officer I (COI) at the El Dorado Correctional Facility (ECF) and have promoted through the ranks to Unit Team Manager (UTM) of the Mental Health Unit at EDCF. I remain in that position and was so employed during the relevant time of the issues raised by Mr. Bateast in his complaint.

2. The Mental Health Unit is in C-Cellhouse at EDCF; although Mr. Bateast was in C-Cellhouse for a short period in 2019, he has since consistently refused the Behavior Health treatment programs that are provided for in C-Cellhouse and was in A-Cellhouse during the relevant time of his allegation that I failed to protect him from assault while he was in Protective Custody (PC).

3. I have no knowledge of Mr. Bateast's allegations as I was not in A-Cellhouse on June 26,

Malty Martin Declaration pg.1

EXHIBIT _H_
PAGE _2_ OF _2_

2020, nor was Mr. Bateast a resident on my caseload. In short, I had no management duties or any interactions with Mr. Bateast during the relevant time of his allegations.

Pursuant to 28 U.S.C. § 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March _10_, 2023

Malty Martin

Malty Martin Declaration pg.2

EXHIBIT I
PAGE 1 OF 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST # 118348 )
                Plaintiff )
                              )
vs. )          CASE NO. 22-03093
                              )
OLUWATOSIN S. ORUNSOLU, et al., )
                Defendants )
                              )

## DECLARATION OF OLUWATOSIN ORUNSOLU

Comes now, Oluwatosin S. Orunsolu and declares under penalty of perjury as follows:

1. I began employment on May 13, 2013, with the State of Kansas at the El Dorado Correctional Facility (EDCF) as a Corrections Officer I (COI) until January 20, 2014. I began employment again with EDCF on June 10, 2016, until August 15, 2020. Then again, I was employed at EDCF from June 14,2021 to October 28, 2022.

2.Damian Bateast # 118348 is known to me.

3. During the relevant times of his complaint I was a Corrections Counselor II (CCII) in the Restrictive Housing Unit (RHU) in A-Cellhouse.

4. Mr. Bateast frequently requested to be singled celled, however RHU is double celled because there are not enough cells/rooms to single cell residents in RHU.

5. Mr. Bateast and Mr. Austin were celled together for about two weeks prior to Mr. Austin battering Mr. Bateast on June 26, 2020.

EXHIBIT _I_
PAGE _2_ OF _2_

6. At no time before or during the time Mr. Bateast and Mr. Austin were celled together did

either of them request to be moved because of fear of living with the other.

Pursuant to 28 U.S.C.§ 1746, I declared under penalty of perjury that the forgoing is true and

correct.

Executed on March $\underline{10^{th}}$, 2023

_____
Oluwatosin S. Orunsolu

EXHIBIT ⏝J
PAGE ⏝1 OF ⏝6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DAMIAN BATEAST #118348** | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | **Case No. 22-03093-JWL** |
| **OLUWATOSIN S. ORUNSOLU, et al**. | ) | |
| Defendants | ) | |
| | ) | |

## DECLARATION OF ADAM KNAPP

Comes now, Adam Knapp, and declares under penalty of perjury as follows:

1.  I began employment on June 2, 2017, with the State of Kansas at the El Dorado Correctional Facility (EDCF) as a Corrections Officer I (COI) and then in June of 2019 I promoted to a Corrections Counselor I (CCI).  I was in that position and was so employed during the relevant time of the issues raised by Mr. Bateast in his complaint. I remain so employed as a CCI at EDCF.

2. Broadly, as a CCI, I am responsible for the case management of residents living within my assigned Unit. Case Management consists of a risk/recidivism reduction case plan, updating custodies and classification levels and conducting periodic case reviews touching all aspects of a resident's incarceration.

3. Mr. Bateast # 118348 and Mr. Austin #89356 are known to me.

EXHIBIT __J__
PAGE _2_ OF _6_

4. During the relevant time of Mr. Bateast's allegations, I served as a CCI in A2- Cellhouse, which is the Restrictive Housing Unit (RHU) and both Mr. Austin and Mr. Bateast lived in A2- Cellhouse.

5. Movement records for Mr. Bateast show he moved to A-2 Cellhouse Room 211 on June 15, 2020, and Mr. Austin moved into the same room three days later, on June 18, 2020. Then on June 25, 2020 both were move to Room 123. Attached to my Declaration is the Movement Records which shows the stated moves, including my markings indicating the moves.

6. KDOC records showed no reason that Mr. Austin and Mr. Bateast could not be roomed together. Also, during the nine-day period from June 18, 2020 to June 26, 2020 neither Mr. Austin or Mr. Bateast stated verbally or in writing that they could not or would not room with the other.

7. Mr. Bateast did request that he be confined to a single room, however given the number of residents that required placement in RHU and the bed capacity there was/is no way that the unit can be singled celled.

8. Mr. Bateast's alleges on June 26,2020 that I had a heated argument with Mr. Austin regarding Mr. Austin's desire to get out of RHU and Mr. Bateast alleges I said to Mr. Austin, "that in order for that to happen an event has to happen". Mr. Bateast's conclusion is that statement is my way of condoning Mr. Austin's attack on Mr. Bateast.

9. In response to Mr. Bateast's allegation, I have no clear memory of any conversation with Mr. Austin on June 26, 2020, although I do recall conversations in general with Mr. Austin about his desire to be released from the RHU to general population.  Most residents in the

EXHIBIT ___J___
PAGE _3_ OF _6_

RHU want to be release to general population. Mr. Bateast was an exception in that he did not want to be in general population, but rather wanted to be single-celled or be placed in minimum custody. I categorically deny the statement Mr. Bateast contributes to me and such a statement is without any basis in fact, since Mr. Austin's attack upon Mr. Bareast was not and did not get Mr. Austin released from RHU. In fact, Mr. Austin remained in RHU until release from KDOC custody on March 25, 2021. (See attached Movement Record).

Pursuant to 28 U.S.C. § 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March __2__, 2023

_____
Adam Knapp

```
3/06/2023          KANSAS DEPARTMENT OF CORRECTIONS         STAPEL
15:17:21          Information Systems and Communications    QPADEV006V
                     ** Display Movement Records **          ISR0339
-------------------------------------------------------------------
Commitment Name BATEAST,DAMIAN,MIGEL      KDOC#/Suffix 0118348 A

"X" P Number   S Movement    Sq MoveCde SI  Phy Loc Cde Rsn Leju M I  Prior
    r          u Date        #          *
    1 0118348 A 2020 10 23 1 2102000       A 07 AA2267 MP         I  A07
    1 0118348 A 2020 10 22 2 2102000       A 07 AA2245 MP         I  A07
    1 0118348 A 2020 10 22 1 2102000       A 07 AA2205 PS         I  A07
    1 0118348 A 2020 10 21 1 2102000       A 07 AA2201 PS         I  A07
    1 0118348 A 2020 08 14 1 2102000       A 07 AA1114 PS         I  A07
    1 0118348 A 2020 08 06 1 2102000       A 07 AA1200 PS         I  A07
    1 0118348 A 2020 07 28 1 2102000       A 07 AA1128 PS         I  A07
    1 0118348 A 2020 06 29 2 2102000       A 07 AA2123 PS         I  A07
    1 0118348 A 2020 06 29 1 2102000       A 07 ANF111 PS         I  A07
    1 0118348 A 2020 06 26 1 2102000       A 07 ANF117 PS         I  A07
    1 0118348 A 2020 06 25 1 2102000       A 07 AA2123 PS         I  A07
    1 0118348 A 2020 06 15 1 2102000       A 07 AA2211 PS         I  A07
                                                             More...
SI* = Special Message Indicator  Currently for Sanction Releases
F3=Exit  F12=Previous  F14=Print List  "X" To Select Or Enter For Last Record
```

EXHIBIT  J
PAGE  4 OF  6

```
3/06/2023              KANSAS DEPARTMENT OF CORRECTIONS          STAPEL
15:18:26             Information Systems and Communications      QPADEV0069
                         ** Display Movement Records **          ISR0339
-----------------------------------------------------------------------------
Commitment Name AUSTIN,COURTNEY,EUGENE        KDOC#/Suffix 0089356 A

"X" P Number    S Movement   Sq MoveCde SI  Phy Loc Cde Rsn Leju  M I  Prior
    r           u Date       #          *
   1 0089356 A 2020 06 25 1 2102000      A 07 AA2123   OS        I  A07
   1 0089356 A 2020 06 18 1 2102000      A 07 AA2211   OS        I  A07
   1 0089356 A 2020 06 01 1 2102000      A 07 AB2143   OS        I  A07
   1 0089356 A 2020 05 30 1 2102000      A 07 AB2131   OS        I  A07
   1 0089356 A 2020 05 29 1 2102000      A 07 AB2143   OS        I  A07
   1 0089356 A 2020 05 28 1 2102000      A 07 AB2139   OS        I  A07
   1 0089356 A 2020 05 21 1 2102000      A 07 AB1130   OS        I  A07
   1 0089356 A 2020 03 27 1 2102000      A 07 AB1250   OS        I  A07
   1 0089356 A 2020 03 13 1 2102000      A 07 AB2211   OS        I  A07
   1 0089356 A 2020 03 06 1 2102000      A 07 AB1128   OS        I  A07
   1 0089356 A 2020 03 05 1 2102000      A 07 AA1102   OS        I  A07
   1 0089356 A 2020 02 18 1 2102000      A 07 AB1116   OS        I  A07
                                                                   More...
SI* = Special Message Indicator  Currently for Sanction Releases
F3=Exit  F12=Previous  F14=Print List  "X" To Select Or Enter For Last Record
```

EXHIBIT _J_
PAGE _5_ OF _6_

```
3/06/2023            KANSAS DEPARTMENT OF CORRECTIONS           STAPEL
15:18:26          Information Systems and Communications        QPADEV0069
                       ** Display Movement Records **            ISR0339
-------------------------------------------------------------------------
Commitment Name AUSTIN,COURTNEY,EUGENE        KDOC#/Suffix 0089356 A

"X" P Number   S Movement     Sq MoveCde SI   Phy Loc Cde Rsn Leju  M I  Prior
    r            Date         #            *
  _ 1 0089356 A 2021 03 25   1 1303010        P 07 Q220MO     WT        M    P07
  _ 1 0089356 A 2021 03 19   1 1303010        P 07 212550     AB        M    J07
  _ 1 0089356 A 2021 03 05   1 1101010        J 07 C06023     GR        M    A07
  _ 1 0089356 A 2021 03 01   1 2102000        A 07 AB2143     OS          I  A07
  _ 1 0089356 A 2021 02 15   1 2102000        A 07 AA2131     OS          I  A07
  _ 1 0089356 A 2020 08 21   1 2102000        A 07 AB2121     OS          I  A07
  _ 1 0089356 A 2020 08 19   1 2102000        A 07 AB2135     OS          I  A07
  _ 1 0089356 A 2020 08 13   1 2102000        A 07 AB1132     OS          I  A07
  _ 1 0089356 A 2020 08 12   1 2102000        A 07 AB2133     OS          I  A07
  _ 1 0089356 A 2020 07 30   1 2102000        A 07 AB1130     OS          I  A07
  _ 1 0089356 A 2020 06 29   1 2102000        A 07 AB1100     OS          I  A07
  _ 1 0089356 A 2020 06 26   1 2102000        A 07 AB1130     OS          I  A07
                                                                        More...

SI* = Special Message Indicator  Currently for Sanction Releases
F3=Exit  F12=Previous  F14=Print List  "X" To Select Or Enter For Last Record
```

EXHIBIT ___ ν
PAGE 6 OF 6

Robert E. Wasinger, #15352
Legal Counsel, Department of Corrections
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, Kansas 67439
(785)877-6657
bob.wasinger@ks.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DAMIAN BATEAST # 118348** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 22-CV-03093-JWL** |
| | ) | |
| | ) | |
| **OLUWATOSIN S. ORUNSOLU, et al.** | ) | |
| **Defendants.** | ) | |
| | ) | |

# EXHIBIT K

# ( EDCF Use of Force Report on 6/26/2020 incident)

# (Filed Under Seal)

EXHIBIT __L__
PAGE __1__ OF __2__

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAMIAN BATEAST #118348**<br>Plaintiff | ) |
| | ) |
| vs. | ) |
| | )    **Case No. 22- 03093-JWL** |
| **OLUWATOSIN S. ORUNSOLU, et al.**<br>Defendants | ) |

## <u>DECLARATION OF DANA FLORES</u>

Comes now, Dana Flores, and declares under the penalty of perjury as follows:

1. I began employment with the State of Kansas at the El Dorado Correctional Facility (EDCF) on September 10, 2018, as a Corrections Officer I (COI) and I was so employed during the relevant time of the claims raised by Mr. Bateast's in his complaint and I remain in that position.

2. I have no specific memory of moving Mr. Bateast and Mr. Austin to a new cell in A2 Cell house, however at the relevant time of Mr. Bateast's complaint I was working in a A2 Cell house and part of my duties was to move residents to new cells.

3. Further, residents upon moving from one cell to another are permitted to take their mattress with them to the new cell.

EXHIBIT _L_
PAGE _2_ OF _2_

4.  I have no memory of talking with Mr. Austin as Mr. Bateast alleges in his complaint and to my knowledge no padlock was concealed in Mr. Austin's mattress as he also alleges in his complaint.

Pursuant to 28 U.S.C. § 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March _9th_, 2023.

Dana Flores

EXHIBIT _M_
PAGE _1_ OF _2_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST #11834            )
         Plaintiff            )
                        )
vs.            )        Case No. 22-03093-JWL
                        )
OLUWATOSIN S. ORUNSOLU, et al.   )
         Defendants            )
                        )

## DECLARATION OF KEITH LATHROM

Comes now, Keith Lathrom and declares under the penalty of perjury as follows:

1. I began employment on February 24, 2020, with the State of Kansas as a Corrections Officer I (COI) at the El Dorado Correctional Facility (EDCF) and was so employed during the relevant time of the issues raised by Mr. Meredith in his complaint.

2. I have no specific memory of moving Mr. Bateast and Mr. Austin to a new cell in  A2 Cellhouse, however at the relevant time Mr. Bateast's complaint I was working in A2 Cell house with COI Flores and part of our duties were to assist in moving residents to new cells.

3. Further, residents, upon moving from one cell to another cell are permitted to take their mattress with them to the new cell.

Lathrom Declaration pg.1

EXHIBIT _M_
PAGE _2_ OF _2_

4. I have no knowledge of any padlock being concealed in Mr. Austin's mattress, as Mr. Bateast alleges in his complaint.

Pursuant to 28 U.S.C. § 1746, I declared under penalty of perjury that the foregoing is true and correct.

Executed on March _10_, 2023.

Keith Lathrom

EXHIBIT ___N___
PAGE __1__ OF _2_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN BATEAST # 118348      )
      Plaintiff           )
                        )
vs.                         )          **Case No. 22-03093-JWL**
                        )
OLUWATOSIN S. ORUNSOLU, et al.    )
      Defendants      )
                        )

## DECLARATION OF ORLANDO PEREZ

Comes now, Orlando Perez, and declares under penalty of perjury as follows:

1. I began employment with the State of Kansas at the El Dorado Correctional Facility (EDCF) on March 20, 2020, as a Corrections Officer I (COI). I was so employed during the relevant time of the claims raised by Mr. Bateast in his complaint, and I remain in that position.

2. ON June 26, 2020 I was working with COI Mason Gaines to escort Mr. Bateast from his cell in the Restrictive Housing Unit (RHU) to the RHU showers. As routine procedure Mr. Bateast placed his hands and wrists through the slot in the cell door to be handcuffed in preparation to be escorted to the showers. As COI Mason Gaines secured the handcuffs, Mr. Bateast was attacked by his cellmate, Mr. Austin. Mr. Austin, with his fists, quickly punched Mr. Bateast 3 or 4 times as Mr. Bateast lowered himself to the floor and then Mr. Austin

EXHIBIT ___N___
PAGE _2_ OF _2_

proceeded to kick Mr. Bateast.

3. COI Mason Gaines immediately ordered Mr. Austin to stop hitting Mr. Bateast; when Mr.

Austin did not immediately comply with the order, COI Mason Gaines deployed OC gas

(pepper spray) and Mr. Austin stopped attacking Mr. Bateast as continuous orders to stop

hitting were given.

4. I observed Mr. Austin use only his fists and then his foot to attack Mr. Bateast. At no time

did I observe any padlock or any other type of weapon. Further, to my knowledge no weapon

of any type was recovered from or around the cell shared by Mr. Austin and Mr. Bateast.


Pursuant to U.S.C. 28 § 1746, I declared under penalty of perjury that the foregoing is true

and correct.



Executed on March __9th__, 2023.




Orlando Perez

Robert E. Wasinger, #15352
Legal Counsel, Department of Corrections
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, Kansas 67439
(785)877-6657
bob.wasinger@ks.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAMIAN BATEAST # 118348**<br>**Plaintiff,**<br><br>**vs.**<br><br>**OLUWATOSIN S. ORUNSOLU, et al.**<br>**Defendants.** | )<br>)<br>)<br>)<br>)   **Case No. 22-CV-03093-JWL**<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT Q

# ( Medical Records 6/26/2020 -7/2/2020)

# (Filed Under Seal)