IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMIAN M. BATEAST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case. No. 22-3093-DDC-ADM |
| OLUWATOSIN S. ORUNSOLU, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT ALEXANDER GANNON'S MOTION TO DISMISS

Defendant Alexander Gannon, submits this memorandum, through Assistant Attorney General Matthew L. Shoger, in support of his motion under Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant Gannon respectfully requests that this motion be granted and this action be dismissed. Gannon incorporates by reference the exhibits attached to the earlier, pending motion to dismiss by Defendants Flores, Freeman, Knapp, Lathrom, Martin, Orunsolu, and Perez[1] – Exhibit A (an updated KASPER information sheet) (Doc. 72-1) and Exhibit B (IMPP 12-129D, a KDOC policy referenced by Bateast) (Doc. 72-2) – and states the following in support.

### NATURE OF THE CASE

Plaintiff Damian M. Bateast alleges that on or around June 26-27, 2020 – while incarcerated under the Kansas Department of Corrections (KDOC) at El Dorado Correctional Facility (EDCF) – Defendant Gannon violated his Eighth Amendment rights by being deliberately indifferent to serious medical needs resulting from an attack by another inmate.

Bateast filed this lawsuit under 42 U.S.C. § 1983 on May 9, 2022 (Doc. 1), and he filed

---

[1] Hereinafter referred to collectively, along with Gannon, as the "KDOC Defendants."

his Second Amended Complaint ("Complaint") on November 17, 2023 (Doc. 65). He seeks monetary damages in the form of compensatory and punitive damages. (Doc. 65 at 18.) Since at least October 11, 2023, Bateast has no longer been incarcerated. (*See* Doc. 56; Exhibit A (Doc. 72-1) at 2-3.)[2]

Defendants Flores, Freeman, Knapp, Lathrom, Martin, Orunsolu, and Perez have already filed a motion to dismiss. (Docs. 71-72.) Defendant Mason Gaines does not appear to have been properly served in this case. Although the Court ordered service on Mason Gaines at an address provided by Bateast, that address was the mailing address for EDCF. Based on the undersigned's correspondence with KDOC, the summons with Gaines's name on it was delivered to EDCF, his former business address.[3] Because that appears to be improper service under Federal Rule of Civil Procedure 4(e),[4] he appears to remain unserved. Defendants Rochelle Grahem, Denise Mislap, and Gordon Harrod have not yet entered an appearance.

Defendant Gannon now brings this Motion to Dismiss. He is entitled to dismissal of Bateast's Complaint for lack of subject matter jurisdiction (due to Eleventh Amendment immunity) and for failure to state a claim (in light of qualified immunity).

---

[2] The Court can take judicial notice of Exhibit A – which can be found on KDOC's website – under Federal Rule of Evidence 201. *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also* KDOC, Locating a resident (last modified May 25, 2023), https://www.doc.ks.gov/facilities/faq/locating.

[3] The undersigned notes that he does not represent Mason Gaines at this time but points out this service-related issue to keep the court candidly apprised of the state of the case.

[4] Under Federal Rule of Civil Procedure 4(e), service on an individual must be made according to a method allowed by state law or by personal delivery to the individual, to a suitable resident at their dwelling, or to an agent authorized to receive service for the individual in their individual capacity. And Kansas law does not allow service for individual capacity claims to be made by return receipt delivery to an individual's business address, even when that business address is current. *Fisher v. DeCarvalho*, 298 Kan. 482, 491-92 (2013); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228-31 & n.5 (D. Kan. 2016). Here, the business address used was not even current.

## QUESTIONS PRESENTED

I.      Does the Eleventh Amendment bar Bateast's § 1983 claims against Gannon in his official capacity?

II.     Is Gannon entitled to qualified immunity on the deliberate indifference claim because his actions as alleged did not violate clearly established law of which reasonable state officials would have known?

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. Bateast, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the sufficiency of a complaint generally rests on its contents alone, the court may also consider: (1) documents that the complaint incorporates by reference, (2) documents that the complaint references if they are central to the plaintiff's claims, and (3) documents of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

At the motion to dismiss stage, these "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And a *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.*

### *Qualified Immunity Standard*

Qualified immunity protects from civil liability government officials whose actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). When a defendant raises the qualified immunity defense, it creates a presumption that the defendant is immune from suit. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021). To overcome this presumption, the burden shifts to the plaintiff to show (1) the defendant's alleged conduct violated a federal statutory or constitutional right, and (2) that right was clearly established at the time of the alleged violation. *Id.* "The court has discretion to decide which of the two prongs of the qualified-immunity analysis to address first." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The clearly-established right must be clear from applicable case law, *Colbruno v. Kessler*, 928 F.3d 1155, 1161 (10th Cir. 2019), and must be defined with specificity, *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019).

**I.     The Eleventh Amendment bars Bateast's claims against the KDOC Defendants in their official capacities.**

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). State officials such as KDOC employees share the state's immunity from suits against them in their official capacities. *See id.; White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). A narrow exception allows a plaintiff to seek prospective injunctive relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But claims for "retrospective declaratory relief" are barred. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

Here, Bateast requests only monetary damages in the form of compensatory and punitive damages (Doc. 65 at 18), which are barred by the Eleventh Amendment as asserted against Gannon in his official capacity. Bateast does not request prospective relief. Therefore, Bateast's claims against Gannon in his official capacity should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

**II.    Defendant Gannon is entitled to dismissal of Bateast's Eighth Amendment claims for failure to state a claim because qualified immunity applies when the alleged conduct did not violate clearly established law.**

Defendant Gannon is entitled to qualified immunity because there was no clearly established law within this Circuit, or a robust consensus of cases outside of it, that his alleged actions violated clearly established law, particularized to the facts of this case. Specifically, Bateast has not shown any law that put Gannon on notice that removing an inmate from a

5

hospital earlier than the hospital staff would prefer or leaving an IV in violates the Constitution. Because qualified immunity applies, the Court should dismiss Bateast's § 1983 claims against Defendant Gannon in his individual capacity for failure to state a claim.

Deliberate indifference is the general standard for "serious medical needs" claims, *Estate of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1262 (10th Cir. 2022). Deliberate indifference has both an objective component and a subjective component. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). For the objective component for "serious medical needs" claims, the plaintiff must show that the prisoner's medical need was "sufficiently serious." *Id.* (citing *Farmer*, 511 U.S. at 834). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* If the allegation is a delay in medical care, then the plaintiff *must* show the delay resulted in "substantial harm." *Id.* at 1268. The substantial harm requirement for a delay in medical care may be satisfied by showing "lifelong handicap, permanent loss, or considerable pain." *Id.*

The *subjective* component requires showing that the prison official had a culpable state of mind. *Id.* at 1262 (citing *Farmer*, 511 U.S. at 834). This is only met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Even if both the objective and subjective prongs are met, "a constitutionally legitimate justification" may still be shown. *Arocho v. Nafziger*, 367 F. App'x 942, 952 (10th Cir. 2010). This should be determined, not with the benefit of hindsight, but based on what the official reasonably knew at the time. *See Strain v. Regalado*, 977 F.3d 984, 996 (10th Cir. 2020) (quoting

*Graham v. Connor*, 490 U.S. 386, 396 (1989)) (saying in the context of the deliberate-indifference standard that "courts do not judge the constitutionality of particular actions 'with the 20/20 vision of hindsight'"). Prison officials have a "legitimate penological interest of maintaining control and discipline in the prison facility." *Evans v. Cawthorn*, No. 16-3095-DDC, 2019 WL 5787952, at *8 (D. Kan. Nov. 6, 2019).

Regarding Defendant Gannon, it was not clearly established that removing an inmate from a hospital earlier than the hospital staff would prefer or leaving an IV in violates the Constitution. With regard to the objective component, Bateast does not allege that removing him from the hospital prevented him from obtaining surgery or that any delay in receiving surgery resulted in substantial harm. With regard to the subjective component, Bateast does not allege specific facts to show that Gannon *knew* that removing Bateast from the hospital would result in Bateast not obtaining pain medication or that it would cause any harm related to the pending surgery. In fact, Bateast alleges that Gannon, upon prompting from hospital staff, waited until medication was injected in Bateast and *then* removed Bateast from the hospital. (*See* Doc. 65 at 15-16.) Bateast has not alleged specific facts to support the objective or subjective components of a deliberate indifference claim against Gannon under clearly established law.

Therefore, Defendant Gannon is entitled to qualified immunity as a matter of law on Bateast's Eighth Amendment claim, which should be dismissed for failure to state a claim.

## CONCLUSION

For these reasons, Defendant Gannon requests that the Court dismiss Bateast's claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity) and for failure to state a claim (in light of qualified immunity).

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Damian M. Bateast
2926 S. Virginia Avenue
Joplin, Missouri 64804
*Plaintiff, pro se*

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

Robert E. Wasinger
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, KS 67439
*Attorney for Kansas Department of Corrections, Interested Party*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General

8