IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMIAN M. BATEAST, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 22-3093-DDC-ADM |
| OLUWATOSIN S. ORUNSOLU, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS GORDON HARROD, M.D. AND DENISE MILSAP, R.N.'S MOTION TO DISMISS**

Defendants Gordon Harrod, M.D. and Denise Milsap, R.N., submit this memorandum, by and through undersigned counsel, in support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants respectfully request that this Motion be granted, and this action be dismissed.

**NATURE OF THE CASE**

Plaintiff Damian M. Bateast alleges that on or around June 26, 2020, Defendants violated Plaintiff's Eighth Amendment rights through deliberate indifference to serious medical needs resulting from injuries sustained from an attack from another inmate. The relevant events occurred while Plaintiff was incarcerated at El Dorado Correctional Facility (EDCF), which is operated by the Kansas Department of Corrections (KDOC). Defendants Harrod and Milsap are employed by Centurion of Kansas, LLC, an entity contracted by the KDOC to provide medical services to inmates.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 on May 9, 2022. (Doc. 1). Defendant Harrod was previously dismissed from this case on July 5, 2022 because several pages of the complaint were missing. (Doc. 6). Plaintiff then filed his Second Amended

1

Complaint on November 17, 2023. (Doc. 65). Defendants Harrod and Milsap were served on November 29, 2023. (Doc. 74). Plaintiff seeks monetary damages in the form of compensatory and punitive damages.

Defendants Harrod and Milsap now bring this Motion to Dismiss. Defendants are entitled to dismissal due to Plaintiff's failure to exhaust requisite administrative remedies pursuant to 42 U.S.C. § 1997e(a) and because plaintiff's claims against these defendants are barred by the applicable statute of limitations. See K.S.A. 60-513.

## QUESTIONS PRESENTED

I. **Are Defendants Harrod and Milsap entitled to dismissal on Plaintiff's deliberate indifference claims due to Plaintiff's failure to exhaust administrative remedies?**

II. **Is Plaintiff's claim against Defendant Denise Milsap, R.N., barred by the applicable statute of limitations?**

## ARGUMENTS AND AUTHORITIES

*Standard on Motion to Dismiss for Failure to Exhaust Administrative Remedies*

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action. 42 U.S.C. § 1997e(a). The exhaustion requirement is satisfied when the inmate "uses all steps that the agency holds out." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The exhaustion requirement is "mandatory, and the district court [is] not authorized to dispense with it." *Little v. Jones*, 607 F. 3d 1245, 1249 (10th Cir. 2010); *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020). An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

2

*Standard on Motion to Dismiss for Violation of the Statute of Limitations*

The statute of limitations applicable to § 1983 actions is "determined by reference to the appropriate state statute of limitations and tolling principles." *Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006). In Kansas, the applicable statute of limitations is codified in Kan. Stat. Ann. § 60–513(a). *Id.* at 1188. Pursuant to K.S.A. 60-513(a), a cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be brought within two years of the alleged incident giving rise to the cause of action. K.S.A. 60-513.

An amendment to a pleading relates back to the date of the original pleading when: (a) the law that provides the applicable statute of limitations allows relation back; (b) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15.

I. **Plaintiff is barred from bringing this suit due to his failure to exhaust all available administrative remedies.**

Defendants allege that Plaintiff failed to fully exhaust administrative remedies related to medical services provided by Defendants prior to filing this action. Plaintiff filed his first

3

Petition in May of 2022. (Doc. 1). Plaintiff's claims arise out of treatment he received June 26, 2020. (Doc. 1) On July 14, 2020, Plaintiff filed a single grievance in relation to his allegations of medical negligence against Defendants. (Doc. 22, Exhibit B, Pg. 8). On July 27, 2020, Plaintiff forwarded his grievance to the Warden's office. (Doc. 22, Exhibit B, Pg. 8). However, Plaintiff failed to properly submit his grievance in compliance with the EDCF's procedural rules. (Doc. 22, Exhibit C. Pg. 2).

On July 1, 2020, Plaintiff received a response to his grievance informing Plaintiff that he had failed to comply with the procedural grievance requirements under K.A.R. 44-15-101(a), (b), and (d). (Doc. 22, Exhibit C. Pg. 2). Plaintiff took no corrective action to cure the procedural defects. (Doc. 22, Exhibit C, Pg. 1-8). Consequently, Plaintiff did not complete the grievance process and is barred from pursuing a § 1983 claim for failure to exhaust his administrative remedies. *Jernigan*, 304 F.3d 1030, 1032 (10th Cir. 2002).

While Plaintiff claims he followed the grievance procedure, the records already on file with this court, including the *Martinez* affidavits do not support this. In fact, Plaintiff failed to exhaust his administrative remedies prior to bringing suit and this Court should dismiss the action.

## II. Plaintiff's claim against Defendant Denise Milsap, R.N., is barred by the applicable statute of limitations.

Plaintiff served Defendant Milsap on November 29, 2023, over two years from the date of occurrence giving rise to this action. Specifically, Plaintiff's allegation against Defendant Milsap arises from treatment provided on June 26, 2020. Consequently, the applicable statute of limitation ran on June 26, 2022.

Furthermore, the relation back doctrine does not apply here. Plaintiff filed his first Petition on May 9, 2022. (Doc. 1). Defendant Milsap was not named in the first Petition. (Doc. 1). Plaintiff first named Defendant Milsap in his Second Amended Petition on November 17, 2023. (Doc 65).

When a complaint is amended to change the party against whom a claim is asserted, Rule 15(c) allows for relation back of the amendment if the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 746 F. Supp. 40, 42 (D. Kan. 1990). Here, Defendant Milsap had no reason to anticipate being named as a defendant in the present controversy due to her brief interaction with Plaintiff. As such Plaintiff's failure to name Defendant Milsap in his original complaint is not a "mistake" cognizable under Rule 15(c). Fed. R. Civ. P. 15. Consequently, Plaintiff's amended pleading does not relate back to the date of filing of the original pleading. Therefore, Plaintiff's claim against Defendant Milsap is barred by the applicable statute of limitations, and the Court should dismiss this action.

## CONCLUSION

For these reasons, Defendants Harrod and Milsap request that the Court dismiss Plaintiff's claims for failure to exhaust administrative remedies. Alternatively, Plaintiff's claims against Defendant Milsap should be dismissed for failure to file within the applicable statute of limitations.

*Respectfully Submitted*,

**NORRIS KEPLINGER
HICKS & WELDER, LLC**

By: /s/ John Hicks
John Hicks, jh@nkfirm.com #20474
11551 Ash Street, Suite 200
Leawood, KS 66211
(913) 663-2000/(913) 663-2006 FAX
**ATTORNEY FOR DEFENDANTS
GORDON HARROD, M.D. AND
DENISE MILSAP, R.N.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2023, the above and foregoing was filed via the courts' electronic filing system (ECF), which sent notification of the same to the following:

Damian M. Bateast
2926 S. Virginia Ave.
Joplin, MO 64804
620-249-9389
Damianbateast103@gmail.com
PRO SE

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Natasha.carter@ks.gov
Attorney for Kansas Department of Corrections, Interested Party

Robert E. Wasinger
Ellsworth Correctional Facility
1607 State St., PO Box 107
Ellsworth, KS 67439
Bob.wasinger@ks.gov
Attorney for Kansas Department of Corrections, Interested Party

6

{0282361.DOCX}

Matthew L. Shoger
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Matt.shoger@ag.ks.gov
Attorney for Kansas Department of Corrections

By: /s/ John Hicks
**Attorney for Defendants**
**Gordon Harrod, M.D. and**
**Denise Milsap, R.N.**

{0282361.DOCX}