## IN THE UNITED STATES DISTRICT COURT

## OF THE DISTRICT OF KANSAS

**DAMIAN M. BATEAST,**

       **PLAINTIFF,**

**V.**                                      **CASE NO. 22-3093**

**OLUWATOSIN S. ORUNSOLU et, al**

       **DEFENDANTS,**

### PLAINTIFF IN RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, DAMIAN M. BATEAST, PRO SE PLAINTIFF IN RESPONSE TO THIS HORONABLE COURT'S ORDER TO SHOW CAUSE. ON NOVEMBER 21, 2023, DEFENDANTS DANA FLORES, ERIC FREEMAN, ADAM KNAPP, A. KEITH LATHROM JR, MALTY MARTIN, OLUWATOSIN S. ORUNSOLU, AND ORLANDO PEREZ, ALEXANDER GANNON ("KDOC DEFENDANTS") FILED A MOTION TO DISMISS PLAINTIFF'S CLAIMS (Doc. 71, 72). ON DECEMBER 27, 2023, DEFENDANTS GORDON C. HARROD, DENISE MISLAP ALSO FILED A MOTION TO DISMISS PLAINTIFF CLAIMS AGAINST THEM (DOC 82, 83). DEFENDANT MASON GAINSE, ROCHELLE GRAHAM HAS YET TO ENTER AN APPERANCE IN THIS CASE. IN RSPONSE TO THESE DEFENDANTS MOTION TO DISMISS PLAINTIFF STATES THE FOLLOWING:

PLAINTIFF FILED HIS CLAIMS UNDER 42 U.S.C. § 1983 ON MAY 9, 2022, AND FILED HIS AMENDEDED COMPLAINT ON NOVEMBER 17, 2023, IDENTIFYING JANE AND JOHN DOE DEFENDANTS AS GORDON C. HARROD, DENISE MISLAP, AND MASON GAINES.

### DEFENDANTS BASE THEIR MOTION TO DISMISS

### FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

1. **DEFENDANTS STATE THE ELEVENTH ADMENDMENT BARS PLAINTIFFS CLAIM AGAINST THE KDOC DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**

AT THE TIME PLANITIFF'S CLAIM AROSE DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE LAW.

PLAINTIFF FILED HIS COMPLAINT AGAINST SAID DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

2. **DEFENDANTS STATE THE COURT SHOULD NOT ACCEPT AS TRUE PLAINTIFF'S SPECULATIVE CONCLUSIONS REGARDING ALLEGED COMMENTS.**

UNDER FED.R.CIV. P.12(b)(6) THE DISTRICT COURT MUST CONSTRUE THE COMPLAINT IN A FAVOR MOST FAVORABLE TO THE PLAINTIFF, ACCEPT ALL OF THE FACTUAL ALLEGATIONS AS TRUE, AND DETERMINE WHETHER THE PLAINTIFF UNDOUBLY CAN PROVE NO SET FACTS IN SUPPORT OF HIS CLAIMS THAT WOULD ENTITLE HIM TO REIIEF.

DEFENDANTS ALLEGE MY REITERATION OF DEFENDANT KNAPP'S STATEMENT TO INMATE AUSTIN ON JUNE 26,2020 IN WHICH HE SAID TO AUSTIN THAT "IN ORDER FOR HIM TO BE REMOVE FROM RHU AN EVENT HAD TO HAPPEN" IS SPECULATIVE AND FALLS SHORT OF GIVING RISE TO ENTITLEMENT OF RELIEF. I WOULD LIKE TO EMPHASIZE TO THE COURT THAT THE UNPROVOKED ATTACK AGAINST ME BY AUSTIN HAPPENED THAT SAME DAY. INMATE AUSTIN WAS IRATE BECAUSE HE WAS UNABLE TO LEAVE RHU PENDING HIS OSR CLASSIFICATION. OSR INMATES PER KDOC IMPP# 20-104A STATES OSR INMATES IN ADMINISTRATIVE RESTRICTIVE HOUSING POSE A THREAT TO LIFE, PROPERTY, SELF, STAFF, OR OTHER INMATES AND WHEN THAT INMATES CONTINUED PRESENCE THREATENS THE SECURE AND ORDERLY OPERATION OF THE FACILITY. AUSTIN WAS CLASSIFIED OSR, WHICH PLACED HIM ON LONG TERM RHU BECAUSE THEY CONSIDERED HIM A THREAT TO PRISON POPULATION. IF KNAPP KNEW THAT THERE WAS NO ALTERNATIVE FOR A LONG TERM OSR INMATE TO BE RELEASED THEN WHY WOULD HE MAKE A STATEMENT SAYING THAT IF AN EVENT HAPPENED, HE WOULD RELEASE AUSTIN FROM LONG TERM RESTRICTIVE HOUSING. THIS COMMENT GAVE RISE TO THE VIOLENCE I ENDURED. EVEN IF THE COURT DOES NOT BELIEVE THAT PLAINTIFF HAS SATISFIED THE STANDARD CONCERNING KNAPPS STATEMENT HIS ACTIONS OF BEING DELIBERATELY INDIFFERENT TO MY NEED FOR SAFETY BY FAILING TO PROVIDE PROPER PROTECTION FROM INMATE ASSUALTS WHILE PLNTIFF WAS IN PROTECTIVE CUSTODY SHOULD SATISIFY THE STANDARD TO NOT DISMISS THESES CLAIMS. KNAPP WORKED AS UNIT TEAM IN CELLHOUSE- A AND HIS JOB TO ASSIGN CELLS TO INMATES. DURING THE KDOC INVESTIGATION INTO THE INCIDENT STATED IN THE MARTINEZ REPORT KNAPP ADMITTS THAT HE KNEW I WAS AN P.C. INMATE. HE ALSO STATED THAT I FREQUENTLY ASKED HIM TO BE SINGLE CELLED TO ESCAPE VIOLENCE FROM OTHER INMATES. KNAPP'S JOB DUTY AS AN UNIT TEAM MANAGER WAS TO PROVIDE CASE MANAGEMENT TO ALL DEFENDERS IN CELLHOUSE -A WHICH INCLUDED DEVELOPING A RECIDIVISM REDUCTION CASE PLAN, MANAGING CUSTODY AND CLASSIFICATION ISSUES. KNAPP NEGLECTED THE FACT THAT AUSTINS CASE FILED SHOWED HE WAS CLASSIFIED AS AN OSR INMATE WHO WAS GANG AFFILIATED AND WELL KNOWN FOR HIS VIOLENCEWHEN HE ASSIGNED AUSTIN TO MY ROOM. HE IGNORED THE FACT THAT I WAS AN P.C. INAMTE IN PROTECTIVE CUSTODY TO AVOID VIOLENCE AND TO BE SAFE. DEFENDANTS PRACTICE OF MIXING INMATES OF DIFFERENT CLASSIFICATIONS CREATED A HOSTILE ENVIROMENT IN ITSELF.HIS DECISION TO ASSIGN AUSTIN AS MY CELLMATE MAKES HIM LIABLE AND DELIBERATE INDIFFERENT TO MY NEED FOR SAFETY. FOR THESE REASONS I ASK THE COURT NOT TO DISMISS MY CLAIMS.

DEFENDANTS MOTION ALLEGES THAT DEFENDANTS FLORES AND AUSTINS WHISPERS ABOUT HER BRINGING HIM HIS PREVIOUS MATTRESS IS ALSO SPECULATIVE. I WOULD LIKE TO EMPHASIZE TO THE COURT THAT ON THE DAY OF THE UNPROVOKED ATTACK FLORES AND LATHROM CONDUCTED A CELL MOVE IN WHICH I AND AUSTIN WERE MOVED TO A NEW CELL. DURING THIS MOVE AUSTIN ASKED FLORES AND LATHROM IF HE COULD BRING BHIS MATTRESS WITH HIM. THEY BOTH REPLIED, "NO WE WILL GIVE YOU BOTH NEW MATTRESSES WHEN YOU GET TO THE OTHER CELL". WHEN WE REACHED THE CELL BOTH FLORES AND LATHROM PROVIDED US WITH MATTRESSES. AUSTIN CONTINUED TO CALL FLORES AND ASK FOR HIS NPREVIOUS MATTRESS BUT SHE DENIED HIM MULTIPLE TIMES. HE CALLED HER THE LAST TIME AND THEY SPOKE IN LOW TONES THAT WERE BARELY AUDIBLE TO ME AND FLORES LEFT THE DOOR. SHE AND LATHROM SOON RETURNED WITH AUSTINS PREVIOUS MATTRESS THAT WAS LEFT IN THE CELL WE MOVED FROM. IT WAS LATER REVEALED TO ME THAT THE REASON AUSTIN WAS SO ADAMANT ABOUT RECEIVING HIS PREVIOUS MATTRESS WAS BECAUSE IT CONCEALED THE WEAPON, HE USED TO ATTACK ME. THERE WAS NO LEGITIMATE REASON FOR THE DEFENDANTS TO PROVIDE AUSTIN WITH HIS PREVIOUS MATTRESS WHEN THEY HAD ALREADY PROVIDED US WITH NEW ONES. IT WAS WELL KNOW AND ESTABLISHED THAT GAURDS WERE NOT TO PROVIDE INMATES WITH EXTRA

MATTRESSES. KDOC IMPP# 12-129D SECURITY AND CONTROL: BEDDING AND LINEN SUPPLIES) STATES RESIDENTS ARE TO BE ISSUED ONE MATTRESS. PLAINTIFF ENTERED THIS IMPP IN THE MARTINEZ REPORT AS EXHIBIT W. EVEN IF I DIDN'T HEAR WHAT AUSTIN WHISPERED TO FLORES TO ESTABLISH THAT SHE KNEW THE MATTRESS CONCEALED THE WEAPON USE IN THE ATTACK I CAN PROVE THAT THEIR CONVERSATION WAS RELEVANT ENOUGH THAT SHE AND LATHROM WOULD VIOLATE KDOC POLICY WHICH DID LEAD TO A WEAPON BEING USED AGAINST ME BY AUSTIN BY RECEIVINGB HIS PREVIOUS MATTRESS.BOTH FLORES AND LATHROM VIOLATED KDOC POLICY OF SECURITY AND CONTROL WHICH INDICATED TI ME THAT THEIR MENTAL STATE WAS NOT IN A GOOD PLACE. BECAUSE OF THEIR ACTIONS I WAS INJURED BY MTY CELLMATE WITH A WEAPON WHICH MAKES THEM LIABLE AND INDIFFERENT TO MY NEED FOR SAFETY. FOR THESE REASONS I ASK THE COURT NOT TO DISMISS MY CLAIMS BUT GIVE ME THE OPPORTUNITY TO PROVE THEM AT TRIAL.

DEFENDANTS MOTION STATES THAT'S THE COVERSATION BETWEEN ME AND DEFENDANT PEREZ ARE HEARSAY BUT PEREZ NEVER DENIED THAT WE HAD A CONVERATION ON THE TOPIC OF THE ASSAULT AGAINST ME IN HIS DECLARATION PROVIDED IN THE MARTINEZ REPORT. FOR THIS REASON, I ASK THE COURT NOT TO DISMISS MY CLAIMS BUT GIVE ME THE OPPORTUNITY TO PROVE IT IN TRIAL.

DEFENDANTS MOTION STATES REGARDING DEFENDANT ORUNSOLU, IT WAS NOT CLEARLY ESTABLISHED THAT A P.C WAIVER COULD NOT CONSTITUTIONALLY BE OFFERED TO AN INMATE AT THE INMATE CELL. I WOULD LIKE TO EMPHASIZE TO THE COURT THAT ORUNSOLU KNEW WHY I WAS IN PROTECTIVE CUSTODY. HE ALSO ADMITTED THAT I FREQUENTLY ASKE HIM TO BE SINGLED CELLED TO ESCAPE VIOLENCE FROM OTHER INMATES. ME BEING IN PROTECTIVE AND WHY WAS KNOWN TO HIM BUT NOT TO EVERY INMATE IN THE CELLHOUSE. I NEVER ASKED FOR A P.C WAIVER TO BE RELEASED FROM PROTECTIVE CUSTODY SO THERE WAS NO REASON FOR HIM TO EXPOSE MY CUSTODY TO EVERYONE UNLESS HE WANTED EVERYONE TO KNOW. MY CUSTODY WAS TO STAY CONFIDENTIAL AND HIS DISPLAYED THAT EXPOSED I WAS ON P.C VIOLATED MY RIGHT TO CONFIDENTIALITY. I IS WELL KNOW WITHIN THE PRISON SYSTEM THAT INMATES IN PROTECTIVE CUSTODY ARE LABELED SNITCHES SO ORUNSOLU EXPOSURE OF MY P.C. STATUS ONLY CONTRIBUTED TO THE RISK OF HARM I FACED. HE WAS AWARE OF ALL OF THIS AND I DO BELIEVE IT WAS THE REASON FOR HIS ACTIONS BECAUSE THERE WAS NO OTHER REASON TO OFFER ME A WAIVER WHEN I NEVER REQUSTED ONE WHICH MAKES HIM LIABLE AND DELIBERATELY INDIFFERENT TO MY NEED FOR SAFETY WHILE IN PROTECTIVE CUSTODY.

3. **DEFENDANTS STATE THEY ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S EIGHT ADMENDMENT CLAIMS FOR FAILURE TO STATE A CLAIM BECAUSE QUALIFIED IMMUNITY APPLIES WHEN THE ALLEGED CONDUCT DID NOT VIOLATE CLEARLY ESTABLISH LAW.**

DEFENDANTS MOTION STATES THAT PLAINTIFF HAS NOT SHOWN ANY LAW THAT PUTS DEFENDANTS ORUNSOLU, MARTIN, AND KNAPP ON NOTICE THAT DOUBLE-CELLING P.C AND OSR INMATES TOGETHER WAS PER SE VIOLATION. INMATES WHEN BEING DOUBLE-CELLED ARE NOT AWARE OF EACH OTHERS CUSTODY UNTIL IT IS TOLD OR IT HAS BEEN EXPOSED BY SOME SOURCE. IT IS THE DEFENDANTS JOB AS UNIT TEAM TO ASSIGN INMATES CELLS, MANAGE CUSTODY AND CLASSIFICATION ISSUSES AS STATED IN IMPP# 11-106A. WHICH MEANS THEY WERE AWARE THAT MY CUSTODY WAS P.C. AND AUSTINS WAS OSR. IMPP#20-108D (EXHIBIT R) OF THE MARTINEZ REPORT CLEARLY STATES EACH FACILITY MUST OPERATE A PROTECTIVE CUSTODY PROGRAM AS AN ADJUNCT TO FACILITIES AMINISTRATIVE RESTRICTIVE HOUSING UNIT. THIS IS KDOC POLICY CLEARLY STATING THAT PROTECTIVE INMATES WERE NOT TO BE HOUSED WITH OSR AND OTHER RHU INMATED BUT SEPERATED. MOTION STATES THAT

PLAINTIFF HAS NOT ANY FACTS SHOWING THAT SAID DEFENDANTS WERE AWARE OF A PARTICULAR RISK BETWEEN PLAINTIFF AND AUSTIN. FARMER V. BRENNAN 511 U.S. 825.838 (1994) HAS BEEN OVERRULED IN KREIN V. NORRIS 309 F. 3D. 487 (8TH CIR. 2002) STATING PRISON OFFICIALS COULD NOT ESCAPE LIABILITY JUST BECAUSE HE DID NOT THAT THE COMPLAINANT WAS ESPECIALLY LIKELY TO BE ASSAULTED BY THE SPECIFIC PRISONER WHO EVENTUALLY COMMITTED ASSAULT. I WAS IN ASSAULTED MANY TIMES WHILE IN PROTECTIVE CUSTODY THAT WASN'T WRITTEN UP AS A DISCIPLINARY REPORT AND I HAVE GREIVANCES TO SHOW THE COURT THAT EVEN THOUGH I WAS SUPPOSED TO BE PROTECTED AND SAFE BY KDOC OFFICIALS I WAS NOT ON MUTIPLE OCCASIONS. I FREQUENTLY ASKED DEFENDANTS TO BE SELF CELLED FOR THIS VERY REASON AND THEY WERE WELL AWARE OF MY REASON BUT FAILED TO COMPLY WHICH HOLDS THEM LIABLE AND DELIBERATELY INDIFFERENT TO MY NEED FOR SAFETY. FOR THESE REASONS I ASK THE COURT NOT TO DISMISS MY CLAIMS AGAINST THESE DEFENDANTS BUT TO GIVE ME THE OPPORTUNITY TO PROVE MY CLAIMS IN TRIAL.

DEFENDANTS MOTION IN REGARD TO ERIC FREEMAN AND ALEXANDER GANNON STATE PLAINTIFF FACTS TO SUPPORT THE CLAIMS BROUGHT AGAINST THEM ARENT SUFFICIENT TO SURVIVE A DELIBERATE INDIFFERENT CLAIM. ON JUNE 27, 2020, DEFENDANTS FREEMAN AND GANNON IN THEIR HASTE TO BE RELIEVED FROM THEIR DUTY RUSHED PLAINTIFF OUT OF THE HOSPITAL AND FORCED ME TO RIDE BACK TO EL DORADO CORRECTIONAL FACILITY WITH THE I.V. USED TO DRAW BLOOD REMAINING IN MY VEINS. THE DEFENDANTS HAD PREVIOUS TRIED TO REMOVE ME FROM THE HOSPITAL WITHOUT BEING DIAGNOSED BY THE DOCTOR BUT THE DOCTOR STOPPED US AT THE EXIT DOORS AND INFORMED THE OFFICERS THAT HE WASN'T FINISHED EXAMINING ME. THIS WAS THE FIRST TIME OF THEIR HASTE. THE SECOND TIME I INFORMED THEM THAT THE I.V. WAS REMAINING IN MY ARM AND THEY BOTH STATED THAT IT COULD BE REMOVED BACK AT THE FACILITY. I WAS UNDER THE INFLUENCE OF MEDICATIONS AT THE TIME. DEFENDANTS DEMONSTRATED BLANTANT DISREGARD FOR MY HEALTH AND WELL BEING. I ALSO INFORM NURSE MISLAP WHO WAS THE NURSE ON DUTY THE I.V. IN MY ARM BUT SHE STATED TO KEEP IT IN. I ENDURED THE DISCOMFORT OF THE I.V. THROUGH THE NIGHT WHICH HAD BBEGIN TO BLEED OUT AND POKE ME WITH EVERY MOVE OF MY ARM WHICH CAUSE PAIN. IN THE CONDITION OF THE I.V. AND AN OPEN WOUND WAS A POTENTIAL HEALTH RISK IN AND UNSANITIZED ROOM. THEIR ACTIONS CAUSE ME PAIN AND PUT MY HEALTH AT SERIUOS RISK. I ASK THE COURT NOT TO DISMISS MY CLAIM BUT TO GIVE ME THE OPPORTUNITY TO PROVE MY CLAIMS IN TRIAL.

4. **DEFENDANTS GORDON C. HARROD AND DENISE MISLAP STATE IN THEIR MOTION TO DISMISS THAT PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

PLAINTIFF FILED A GRIEVANCE REITERATING DETAILED ACTIONS OF BOTH DEFENDANTS GORDON C. HARROD AND DENISE MISLAP WITH KDOC OFFICIALS. THE GRIEVANCE PLAINTIFF FILED IS LABELED (EXHIBIT B) IN THE MARTINEZ REPORT CONDUCTED BY KDOC. PLAINTIFF THE GRIEVANCE PROCEDURE AS STATED IN THE KANSAS ADMINISTRATIVE REGULATIONS (K.A.R. 44-15-102 PROCEDURE AND K.A.R. 44-15-101(b) TIME LIMIT FOR FILING GRIEVANCE LABELED (EXHIBIT P) WITHIN THE MARTINEZ REPORT. (EXHIBIT B PAGE 6-7) THE MARTINEZ REPORT CONSIST OF A GRIEVANCE RECEIPT SIGNED AND DATED BY CORRECTIONS OFFICER DIETRICH ON 7-15-2020 STATING HE SUBMITTED MY GRIEVANCE TO UNIT TEAM. I RECEIVED NO RESPONSE FROM THE UNIT TEAM WITHIN THE 10 CALENDER DAYS ALLOWED SO I PROCEEDED WITH STEP 2 IN THE GRIEVANCE PROCEDURE. (K.A.R. 44-15-102(2)(b) COMPLAINT TO THE WARDEN. MY EXPLAINATION TO THE WARDEN FOR NO SIGNATURES FROM THE UNIT TEAM IS SPELLED OUT IN

4

(EXHIBIT B PAGE 9). (EXHIBIT B PAGE 6-7) CONSIST OF A GRIEVANCE RECEIPT SIGNED AND DATED BY CORRECTIONS OFFICER RIVERA ON 7-27-2020 STATING HE SUBMITTED MY GRIEVANCE TO UNIT TEAM TO BE FORWARDED TO THE WARDEN. I RECEIVED NO RESPONSE FRON THE WARDEN WITHION THE 10 CALENDER DAYSALLOWED SO I PROCEEDED TO STEP 3 IN THE GRIEVANCE PROCEDURE (K.A.R.44-15-102(3)(C) APPEAL TO THE SECRETARY OF CORRECTIONS. SINCE PLAINTIFF RECEIVED NO RESPONSE FROM THE UNIT TEAM OR THE WARDENI HAD NOTHING TO APPEAL SO I WROTE A TO THE SECRETARY OF CORRECTIONSWITH MY EXPLAINATION WHY (EXHIBIT B PAGES 2-3). THIS RESULTED IN A LETTER FROM DOUB BURRIS (EXHIBIT B PAGE 1). IN ACCORDANCE WITH (K.A.R. 44-15-102(C)4) MY GRIEVANCE WAS FORARDED BACK TO THE WARDEN FOR RESPONSE AND EVEN THOUGH I RECEIVED MY GRIEVANCE I DID NOT RECEIVE A RESPONSE FROM EITHER THE WARDEN OR UNIT TEAM. WITHIN THE MARTINEZ REPORT IS THE GRIEVANCE AND EXHIBITS METIONED. IT IS OBVIOUS PLAINTIFF FOLLOWED THE GRIEVANCE PROCEDURE TO THE BEST OF HIS ABILITY AND TRIED TO GRIEVE MY ISSUES WITH PRISON OFFICIALS FOR RELIEF TO NO AVAIL. PLAINTIFF WOULD ALSO LIKE TO EMPHASIZE TO THE COURT THAT I AM NO LONGER INCARCERATED SINCE I WAS RELEASED ON SEPTEMBER 15, 2023.

**DEFENDANT DENISE MISLAP STATES THE CLAIMS AGAINST HER ARE BARRED BY THE STATUE OF LIMITATIONS.**

PLAINTIFF FILED HIS ORIGINAL COMPLAINT ON MAY 9, 2022 AND WITHIN HIS ORIGINAL COMPLAINT PLAINTIFF REITERATED THE ACTIONS OF THE NURSE ON DUTY AS JANE DOE IN COUNT III BECAUSE PLAINTIFF COULD NOT IDENTIFY HER BY NAME. THE REASON FOR THE ADMENDED COMPLAINT FILED BY PLAINTIFF ON NOVEMBER 17, 2023 WAS TO IDENTIFY THE DEFENDANTS BY NAME IN WHICH JANE DOE WAS IDENTIFIED AS DENISE MISLAP. RULE 15(c) SHOULD APPLY.

FOR THESE REASONS PLAINTIFF REQUEST THIS HONORABLE COURT NOT TO DISMISS HIS CLAIMS.

PURSUANT TO 28 U.S.C. 1746 I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

EXECUTED ON JANUARY 1, 2023

**DAMIAN M. BATEAST**

**2926 S. VIRGINIA AVE**

**JOPLIN, MO 64804**